STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

Beverly Resendes, Individually,
Beverly Resendes as the Executrix
of the Estate of Wayne M. Resendes
a.k.a. Wayne Manuel Resendes, Sr.
Plaintiffs,

Vs.

Life Investors Insurance Company of
America, Alias, John E. Heiss, Alias,
Doe Corporation, Doe &
Doe I Thru Doe 50, Inclusive.
Defendants,

**COMPLAINT**

1. Plaintiff, Beverly Resendes is the appointed executrix of the estate of Wayne M. Resendes, a.k.a. Wayne Manuel Resendes, Sr., now deceased and is a resident of Providence County in the State of Rhode Island.

2. Plaintiff, Beverly Resendes, Individually is a resident of the Providence, County in the State of Rhode Island and is the named beneficiary on the life insurance policy issued to Wayne Resendes.

3. Upon information and belief, plaintiffs are informed and believe, and on that basis alleges, that defendant Life Investors Insurance Company of America, Alias, (hereinafter "Life") at all times herein relevant was, and now is, a corporation licensed to do business and actually doing business as an insurer and issuing insurance life insurance policies in the State of Rhode Island, with its principal place of business in Cedar Rapids the State of Iowa.

4. Upon information and belief, plaintiffs are informed and believe, and on that basis alleges, that defendant John E. Heiss, alias, (hereinafter" Broker") at all times herein relevant, was, and now is, licensed to do business and actually doing business as an insurance broker for insurance policies issued in the State of Rhode Island, with a principal place of business at 9 Kimberly Ann Drive in Greenville Rhode Island 02828-1006.

5. That at all times herein mentioned, defendant "Life" was a corporation duly organized and existing and doing business within the State of Rhode Island.

6. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants John Doe Corporation and John Doe named herein as Doe 1 through Doe 50, inclusive, are unknown to plaintiffs at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeable thereby to plaintiffs as hereinafter alleged. Plaintiff asks leave of the Court to amend this Complaint when the true names and capacities of the Doe defendants have been ascertained.

7. That at all times herein mentioned, each and every defendant herein was the agent, servant, employee, partner or joint venturer of the other defendants herein; that at all said times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership or joint venture.

8. On or about December 8, 2003, Wayne Resendes, now deceased, entered into a contract for life insurance in Providence County, State of Rhode Island with defendant, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe" a contract, hereinafter referred to as "Policy" is titled Life Insurance Policy, Number 110-012931668.

9. Defendants, had a duty to act on the application of the deceased, Wayne Resendes within a reasonable time after receipt of the application.

10. The applicable Policy with endorsements is attached hereto as Exhibit "A."

11. Upon information and belief the life insurance policy issued by the defendant, "Life" and/or defendant, John Heiss, alias, and/or defendant, Doe 1 Thru Doe 50, Inclusive, provided coverage for Wayne Resendes, and upon his death - for death benefits in the amount of $93,800.00.

*In pertinent part, said policy provided:*

GENERAL PROVISIONS

THE CONTRACT

- *Your policy is issued in consideration of the application and the payment of premiums as provided for in this policy.*

- *Your policy, any endorsement(s) and the copy of the application attached to it contain the entire contract between you and us. Any statements made in the application(s) either by you by the Insured will in the absence of fraud, be considered representations and not warranties. Also, any written statement made either by you or by the insured will not be used to void your policy nor defendant against a claim under your policy unless the statement contained in the application(s).*

*BENEFICIARY*

- *When we receive due proof of the Insured's death, we will pay the proceeds of this policy, to the the beneficiary or beneficiaries who are need in the application for this policy unless you subsequently change the beneficiary. In that event, we well pay the proceeds to the beneficiary. In that event we will pay the proceeds to the beneficiary named in your last change of beneficiary request as provided for in this policy.*

12. Wayne Resendes, paid said premium as required on his part to keep said Policy in full force and effect. Wayne Resendes, intended and expected thereby to be assured peace of mind and financial and economic security in the event of his death.

13. On or about December 25, 2003, while the above-reference life insurance policy was in full force and effect, Wayne Resendes died.

14. On December 29, 2003, the Plaintiff, Beverly Resendes, notified defendant, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe" that Wayne Resendes had died and that as the beneficiary, Plaintiff, Beverly Resendes of said policy was making a claim for benefits under said policy as described above.

15. Plaintiffs' damages are sufficient to confer jurisdiction in the Superior Court.

**COUNT I**

16. Plaintiff incorporates by reference each and every allegation of the Complaint Paragraph 1 Through 15 as if restated her herein as though set forth in this cause of action.

17. On or about December 29, 2003, plaintiff Beverly Resendes notified defendant, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe" that her husband Wayne Resendes died and that she was making a claim for benefits under said life insurance policy with the defendant, "Life," and/or defendant, John Heiss, alias, and/or defendant, "Doe" as described in this complaint.

18. On or about December 29, 2003, defendant, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe" and each of them breached the terms and provisions of the life insurance policy identified herein and attached hereto, by first wrongfully attempting to deny coverage to plaintiff, Beverly Resende's claim by misrepresenting to plaintiff, among other things, that because Wayne Resendes, now deceased, had not received the policy of insurance that Wayne Resendes was not covered at the time of his death and that no coverage was available, advising the plaintiff that she would not be receiving any money. At the time that the representations were made to plaintiff, Beverly Resendes immediately notified defendants, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe" disputing receiving the policy and demanding payment.

19. Plaintiff, Beverly Resendes as the Executrix of the Estate of Wayne Resendes has performed all of the terms and conditions of the policy and has performed all obligations under said insurance policy on plaintiffs' part to be performed by her of the now deceased Wayne M. Resendes.

20. Plaintiff, Beverly Resedes, Individually, has performed all obligations under said insurance on plaintiffs' part to be performed by the beneficiary of the now deceased Wayne Resendes.

21. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's"

breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count I of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive

**COUNT II**

22. Plaintiff, incorporates by reference each and every allegation of the Complaint as though set forth in this Cause of action.

23. At all times herein relevant, said defendants, agreed to act in good faith and deal fairly with said plaintiffs in all matters related to the policy of life insurance, and insurance claims arising from losses covered thereunder, including the claims for benefits under said policy.

24. Said defendant, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe" assumed a special relationship with, and fiduciary obligations to the plaintiff, and agreed to abide by the duties commensurate with these obligations. Nevertheless, said defendants, refused and failed to act in good faith and deal fairly with plaintiffs, and breached said obligations, as set forth more particularly below.

25. Said defendants engaged and continued to engage in an unreasonable course of conduct to further their own economic interests in violation of their contractual and fiduciary obligations to plaintiffs, including but not limited to:
(a) Unreasonable and bad faith failure to make a full and fair settlement of plaintiffs' claims;

(b) Unreasonable misrepresentation to plaintiff pertinent facts related to insurance coverage and attempts to settle plaintiffs' claim under said policy in bad faith;
©) Bad faith failure to reasonably and promptly investigate, adjust, and process plaintiffs' claim;
(d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claim;
(e) Unreasonable refusal to place the financial interests of plaintiff on an equal par with defendants' own financial interests;
(f) Other wrongful and illegal conduct according to proof at trial; and,
(g) Intentional and willful deprivation of plaintiff of the full amounts of the insurance benefits to which plaintiff was entitled to under the insurance policy without making a full and complete investigation with regard to the damages suffered by plaintiff, was intended by defendants to cause injury to the plaintiff in that despite the fact that defendants had proof of the damage, they arbitrarily adjusted the claim in an amount less than what the policy allowed for. Such conduct by the defendants was carried on with a conscious disregard of the rights of plaintiffs.

26. As a direct and proximate result of the aforementioned conduct of defendants, and each of them, the plaintiff has suffered mental and emotional distress, including but not limited to, frustration, depression, nervousness and anxiety, and has thereby incurred general damages in a sum in excess of the jurisdiction of this Court, all to be determined at the time of trial.

27. As a further direct and proximate result of defendants' breach of the duty of good faith and fair dealing as alleged herein, plaintiff has been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, all in an amount to be determined at time of trial.

28. As a further direct and proximate result of the aforementioned conduct of defendants, and each of them, plaintiffs has suffered special damages in an amount according to proof at the time of trial, from the lack of availability of said sums to or for the plaintiffs.

29. As a further proximate result of the unreasonable conduct of the defendants, plaintiffs was compelled to retain legal

counsel to obtain the benefits due under the policy. Therefore, defendants are liable to plaintiffs for those costs of suit and attorneys' fees reasonably necessary and incurred by plaintiffs in order to obtain the policy benefits in an amount to be determined at the time of trial.

30. The acts alleged were part of defendants' and each of them, inclusive, ordinary business practice designed to keep from paying Policy benefits which were and are legitimately owed to the plaintiffs in order to increase the defendants' profits. In doing so, and in doing the acts set forth above, the defendants acted despicably, willfully, wantonly, oppressively, fraudulently and/or in conscious disregard of the plaintiff's rights.

31. Plaintiffs therefore seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish the defendants and to be certain that they never again perpetrate such practices upon insured and specifically to these plaintiffs. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the estate of Wayne Resendes, and plaintiff, Beverly Resendes as the beneficiary of the policy with the defendant, "Life," alias, and/or defendant, John Heiss and/or defendant, "Doe" prays for judgment against defendant, "Life," alias, and/or defendant, John Heiss, and/or defendant, Doe 1 through Doe 50, and each of them, for the full amount of the policy plus interest and costs and other such relief that this court on Count II seeks to grant.

Plaintiffs demands a trial by jury on this cause of action against the defendant, "Life," alias, and/or defendant. John Heiss; alias, and/or defendant, Doe 1 through Doe 50, Inclusive.

**COUNT III**

32. Plaintiff incorporates by reference each and every allegation of the Complaint as though set forth in this cause of action.

33. Defendants misrepresented to plaintiff, Beverly Resendes,

among other things, that Wayne Resendes was not covered under said policy at the time of his death, because plaintiff Wayne Resendes had not received the policy prior to his death on December 25, 2003. At the time said representation was made, said defendants were acting with the intent to deceive plaintiffs, and in bad faith.

34. Defendants misrepresented to plaintiff, among other things in a letter dated July 14, 2004 that plaintiff, Beverly Resendes has misrepresented Wayne Resendes, medical condition prior to his death. Defendants stating that plaintiff, Beverly Resendes made a material misrepresentation of Wayne Resendes health at the time of the the life insurance application.

*The medical report from the VA Hospital:*

*On December 5, 2002: "Comes into ER for TRIAGE with a Toothache, While being evacuated Wayne's hypertension was Noted and he was sent to ER for Eval." "No hypertension or history of hypertension." (Emphasis added)*

35. Defendant, "Life"s, alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's," or each of them misrepresented to plaintiffs, among other things in a letter dated July 14, 2004 that Wayne Resendes responded to questions 5a on the application was answered "no" when the Question 5a should have been have been answered "yes." When in fact Question 5a was answered "yes" by Wayne Resendes.

Question 5 on the application:

*Within the past 10 years, been treated for or diagnosed by a health care professional as having; (if yes, circle applicable condition.)*

*5a. Any disease or disorder of the blood or circulatory system( such as; heart disease palpitations, heart murmur, or chest pain, high blood pressure, stroke, anemia) respiratory systems (such as: emphysema, asthma, shortness of breath or sleep apnea), brain or nervous system ( such as: seizures, epilepsy, multiple sclerosis, mental illness or Alzheimer's disease), a urinary tract ( such as: kidney or bladder), reproductive system stomach intestines, liver (such as: ulcer, colitis, Crohn's disease or hepatis), endocrine system ( such as: diabetes, thyroid), or muscles*

*or bone ( such arthritis, back problems lupis)?*

*Wayne Resendes check "yes."*

36. Defendants misrepresented to plaintiffs, among other things in a letter dated July 14, 2004 that Wayne Resendes responded to Question 5c on the application was the answer no when it should have been "yes."

*Question 5c. Currently on any medication or being treated for any condition, not listed above? (Emphasis added)*

*Wayne Resendes check "no" because box 5a Wayne Resendes had checked "yes" - Question 5a is before Question 5c.*

37. Defendants misrepresented to plaintiffs among other things in a letter dated July 14, 2004 that Wayne Resendes, now deceased responded to Question 6 on the application was the answer no when it should have been checked "yes."

*Question 6 on the application states:*
*Within the past 5 years.*
*a. Had or been advised to have a checkup consultation, lab test, EKG, x-ray or other diagnostic test.*

*Wayne Resendes checked "no" doctor have told Wayne Resendes to have a check up, consultation, lab test, EKG, x-ray or other diagnostic test.*

38. Said representations by the defendants of material fact were false, in that Wayne Resendes gave the information asked of him by defendant, John Heiss, alias, and/or defendant, "Doe."

39. Said defendants knew that their said representations were false and fraudulent at the time they were made, and made such false and fraudulent representations for the purpose of inducing the plaintiffs to rely thereon, all to her detriment.

40. Plaintiffs, at the time said representations were made, was ignorant of their falsity.

41. Plaintiff, reasonably and justifiably relied on said representations, in view of the superior knowledge of said defendants, and the fiduciary or special relationship

between the parties.

42. Based upon said representations, plaintiffs, were induced to seek out the assistance of an attorney. Had plaintiff known the true facts, she would not have taken such actions.

43. As a direct and proximate result of the aforementioned conduct of defendants and each of them, plaintiff has been damaged in a sum in excess of the jurisdiction of this Court to be determined according to proof at trial of this matter.

44. As a further direct and proximate result of the aforementioned conduct of defendants and each of them, plaintiffs have suffered mental and emotional distress, including, but not limited to, frustration, depression, nervousness and anxiety, and has thereby incurred general damages for a total amount to be shown at trial.

45. The conduct of defendants as described herein above was despicable and fraudulent and was further done willfully, oppressively, maliciously, and with conscious disregard of the rights of plaintiffs, and with the intent to annoy, harass or injure plaintiff such that plaintiff is entitled to recover exemplary damages. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count III of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive against defendant, "Life," alias, and/or John Heiss, alias, defendant, Doe 1 Thru Doe 50, Inclusive.

COUNT IV

46. Plaintiff incorporates by reference each and every allegation of the Complaint as though set forth in this cause of action.

47. Defendants' conduct in making the misrepresentations to plaintiffs, as set forth herein above, was intentional and malicious and placed defendants' financial interests above the interests of the plaintiffs.

48. Defendants' conduct was done with knowledge that plaintiffs' emotional and physical distress would thereby increase, and was done in wanton and reckless disregard with the consequences to the plaintiffs.

49. As a proximate result to the aforementioned acts, the plaintiffs has suffered extreme humiliation, serious and severe mental anguish and emotional and physical distress and has been injured in mind and body all to plaintiffs' damage in an amount according to proof at the time of trial.

50. Defendants' conduct of intentionally and willfully defrauding plaintiffs and depriving plaintiffs of the benefits from the policy and insurance benefits to which plaintiffs is entitled were intended by defendants to cause injury to the plaintiffs. Such conduct by the defendants was carried on with a conscious disregard of the rights of plaintiffs. Plaintiffs had to seek the services of attorneys to protect their rights, and plaintiffs' loss was and is substantial. Such conduct on the part of defendants constitutes outrageous conduct for which plaintiffs is entitled to damages, since defendants' conduct was intentional, extreme and willful.

51. The conduct of defendants and each of them as described herein above was despicable and fraudulent and was further done willfully, oppressively, maliciously, or with conscious disregard of the rights of plaintiffs, and with the intent to annoy, harass or injure plaintiffs such that plaintiffs is entitled to a recovery of exemplary damages.
As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including

prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count IV of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive

Plaintiffs demands a trial by jury on this cause of action against the defendant, "Life," alias, and/or defendant, John Heiss, alias, and/or defendant, Doe 1 Thru Doe 50, Inclusive.

**COUNT V**

52. Plaintiff incorporates by reference each and every allegation of the Complaint as though set forth in this cause of action.

53. Defendants knew or should have known that their' failure to exercise due care by representing to plaintiffs the true amount of the policy limits available in this claim, and failure to timely provide benefits and coverage to plaintiffs for the claims made and filed for benefits which were provided for under the policy, would cause plaintiffs severe emotional distress.

54. Defendants knew or should have known that the representations made to the plaintiffs were untrue and breached their duty to plaintiffs by failing, refusing, and delaying payment of plaintiffs' claims, causing plaintiffs humiliation, anxiety and emotional distress for this delay.

55. As the proximate result of defendant, Life," alias, and/or John Heiss, alias, and/or defendant, "Doe" conduct, plaintiffs have suffered extreme emotional distress.
As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's"

breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and on Count V proper of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

WHEREFORE, plaintiffs prays for judgment against defendant, "Life, "Alias, and/or defendant, John Heiss, alias, and/or defendant, Doe 1 through Doe 50, Inclusive, and each of them, For damages for failure to provide benefits under the policy, plus interest, costs, including prejudgment interest in the sum which is to be determined at the time of trial; For general damages to be determined at the time of trial; For special damages to be determined at the time of trial; For attorneys' fees and costs and expenses reasonably incurred to obtain the policy benefits in the sum to be determined at the time of trial; For exemplary damages in an amount appropriate to punish or set an example of defendants; For interest, including prejudgment interest, allowable by law; For costs of suit herein incurred; For such other and further relief as the Court may deem just and proper under the circumstances. Plaintiff Demands a trial by jury on all Counts of this action against all defendants.

**COUNT VI**

56. Plaintiff incorporates by reference each and every

allegation of the Complaint as though set forth in this cause of action.

57. The Policy. On December 8, 2003, defendant "Life" and/or defendant, "Doe" entered into a contract with Wayne Resendes Life insurance policy, No. 110-012931668, (referred to in this Complaint as "the policy"), a true copy of which is attached to this Complaint as Exhibit A and incorporated in this paragraph by reference. The policy provided in part that defendant "Life" and/or defendant, "Doe" would indemnify plaintiff for the death of Wayne Resendes.

58. The death of Wayne Resendes on December 25, 2003, the insured under said policy entitled the plaintiff, Beverly Resendes as the named beneficiary to receive the proceeds from the defendant, "Life" and/or defendant, "Doe" for the sum of $93,800.00 plus interest.

59. The Plaintiff, Beverly Resendes notified defendant "Life" of the death of Wayne Resendes pursuant to the policy. Defendants, "Life" and/or defendant, "Doe" through its agents, have acted in bad faith in adjusting plaintiffs' claim, as is alleged in detail below.

60. As a result of the defendants', "Life" and/or defendant, "Doe" bad faith handling of plaintiffs' claim and failure to pay, plaintiff was deprived and still deprived of the $93,800.00 due her under the policy, plaintiff, could not meet obligations', such as loans and other obligations, and has suffered emotional distress.

61. In doing the acts described in this Complaint, defendants knew that they would cause financial and emotional injury to plaintiff, carried out their adjustment of this claim with a conscious disregard of her right to the proceeds of the policy, subjected her to cruel and unjust hardship in conscious disregard of her right to the proceeds of the policy, and made misrepresentations to plaintiff and concealed material facts from plaintiff with the intention of depriving her of the life insurance policy proceeds to which she is entitled. Defendant, "Life's" officers and managing agents knew of defendant misconduct and accepted the benefits of that misconduct, doing nothing to correct the situation, and thereby ratified their wrongdoing. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance

contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count VI of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

**COUNT VII**

62. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 61 as if they were set forth in full in this paragraph.

63. Wayne Resendes, now deceased paid all premiums due under the policy, submitted, and performed all other conditions the policy required him to perform.

64. Wayne Resendes, now deceased, paid all premiums due under the policy and gave defendant "Life" and/or defendant, "Doe" notice of the death of Wayne Resendes. Plaintiff was ready, willing, and able to submit a formal proof of loss, as required by the policy, and would have done so had defendant "Life" and/or defendant, "Doe" not breached the policy by denying benefits due under said policy to the plaintiff's claim immediately upon receiving the notice of the death of Wayne Resendes.

65. Defendant, "Life" and/or defendant, "Doe" breached the policy by failing to pay plaintiffs' claim.

66. As a result of defendant, "Life's" and/or defendant, "Doe" breach of the policy, plaintiff has suffered harm as alleged **As a proximate result of defendant, "Life's," alias, and/or**

**defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.**

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper of this action. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount on Count VII to be proven at trial.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

**COUNT VIII**

67. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 66 as if they were set forth in full in this paragraph.

68. In adjusting plaintiffs' claim defendant, "Life" and/or defendant, "Doe" through its agents, acted unreasonably in denying payment of plaintiffs' claim in the following respects:

69. In adjusting plaintiffs' claim defendant, "Life," and/or defendant, "Doe" through its agents, denied plaintiffs' claim without having any reasonable grounds for doing so. Defendant, "Life" and/or defendant, "Doe" knew that it had no reasonable grounds for denying plaintiffs' claim or acted in reckless disregard of that fact, in that:

a. Inadequate Investigation. Defendants', in breach of defendant "Life's" and/or defendant, "Doe's" duty to adjust

plaintiffs' claim in good faith and to investigate every available source of information, set out to collect the minimum facts necessary to support a denial of the claim based on a defense of, and review documents in the possession of the plaintiffs's. If defendant. "Life" and/or defendant, "Doe" had conducted a competent investigation, she would have received information showing that defendant, "Life" and/or defendant, "Doe" had no right to rely on that defense of misrepresentations made by plaintiff, Beverly Resendes to deny the claim.

b. Even after determining that plaintiff had a right to the insurance proceeds she claimed, defendant, "Life" and/or defendant, "Doe" and their agents have delayed paying plaintiff her policy proceeds for the purpose of coercing plaintiff to accept a settlement of her claim below its fair value.

c. By denying payment of plaintiff's claim, defendant "Life," and/or defendant, "Doe," knowing that it had no legal justification for doing so, purposefully forced plaintiff to file this Complaint in order to obtain the insurance proceeds to which she is entitled. Defendant "Life," and/or defendant, "Doe" forced plaintiff to seek legal redress for the purpose of coercing plaintiff to accept a settlement of her claim below its fair value.

d. Defendant "Life," and/or defendant, "Doe" realizing that they had no legal grounds for denying or delaying payment of plaintiffs' claim, and have created an apparent reason for denying plaintiffs' claim where no such reason existed.

e. Misinterpretation. Defendant, "Life" and/or defendant, "Doe" in order to deny, and/or delay payment of plaintiffs' claim, purposefully used an overboard interpretation of the policy's exclusion for misrepresentations, knowing that this interpretation was contrary to case authority in the State of Rhode Island construing the same exclusion in similar policies.

g. Defendant, "Life" and/or defendant, "Doe," knowing that there was no evidence to support their claims, that Wayne Resendes had lied to obtain a life policy so that he might fraudulently obtain insurance proceeds from their respective insurers. Defendant, "Life" and/or defendant, "Doe" made accusations for the purpose of denying plaintiffs' claim, knowing that plaintiff would have a difficult time proving the allegations as a pretext for denying her claim.

h. In the course of adjusting plaintiffs' claim, defendant, "Life" and/or defendant, "Doe" waited until plaintiff had cooperated completely. Defendant "Life" and/or defendant, "Doe" engaged in this conduct for the purpose of taking advantage of plaintiffs' vulnerable position in the hope of inducing plaintiffs to close this matter.

I. In the course of investigating plaintiffs' claim, defendant,

"Life" and/or defendant, "Doe" demanded that plaintiff prepare and submit reports, despite the fact what the states and required the plaintiff to make statements regarding Wayne Resendes medical condition without having the benefits of all records available. Defendant, "Life" and/or defendant, "Doe" made these oppressive demands for the purpose of delaying and eventually denying payment of plaintiffs' claim and coercing plaintiff into making statements that she had no knowledge

j. During the adjustment of plaintiffs' claim, defendant, "Life" and/or defendant, "Doe" realized that defendant "Life" and/or defendant, "Doe" had no grounds for disputing plaintiffs' entitlement to policy proceeds. Defendant, "Life" and/or defendant, "Doe"nevertheless refused to pay this claim.

70. As a result of defendant "Life's" and/or defendant, "Doe" breach of the policy, plaintiff has suffered and continues to suffer harm As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, To the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count VIII of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

**COUNT IX**

71. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 70 as if they were set forth in full in this paragraph.

72. Defendants are engaged in the business of insurance in the State of Rhode Island, and the policy was issued and delivered

to plaintiff in the State of Rhode Island.

73. Defendants committed the acts referred to above knowingly and as part of a general business practice of:

a. misrepresenting pertinent facts and insurance policy provisions;

b. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. failing to adopt and implement reasonable standards for the prompt investigation of claims;

d. refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f. not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

g. compelling insures to institute litigation to recover amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in action brought by such insures;

h. attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

I. attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

j. making known to insured a policy of appeal from arbitration awards in favor of insured or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

k. delaying the investigation or payment of claims by requiring the insured to submit a preliminary claim report and then requiring the insured to submit a formal proof of loss, both containing substantially the same information;

l. failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy.

74. These acts constitute violations of the Unfair Claim Settlement Practices Act.

75. As a result of defendants' violations, plaintiff suffered harm

as alleged As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count IX of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

COUNT X

76. Plaintiff incorporates by reference each and every allegation of the Complaint as though set forth in this cause of action.

77. The Policy. On December 8, 2003, defendant "John Heiss" and/or defendant, "Doe" received proceeds from Wayne Resendes, now deceased and issued to a Life insurance policy, No. 110-012931668, (referred to in this Complaint as "the policy"), a true copy of which is attached to this Complaint as Exhibit A and incorporated in this paragraph by reference. The policy provided in part that defendant "Life" and/or defendant, "Doe" would indemnify plaintiff for the death of Wayne Resendes. The policy took effect on the was in effect on December 25, 2003, the date Wayne Resendes died.

78. The death of Wayne Resendes on December 25, 2003, the insured under said policy entitled the plaintiff, Beverly Resendes to receive the proceeds from the defendant, "John Heiss" and/or defendant, "Doe" for the sum of $93,800.00 plus interest.

79. The Plaintiff, Beverly Resendes notified defendant "John Heiss" of the death of Wayne Resendes pursuant to the policy. Defendants, "Life" and/or defendant, "Doe" through its agents, have acted in bad faith in adjusting plaintiffs' claim, as is alleged in detail below.

80. As a result of the defendants', "John Heiss" and/or defendant, "Doe" bad faith handling of plaintiffs' claim and failure to pay, plaintiff was deprived and still deprived of the $93,800.00 due her under the policy, plaintiff, could not meet obligations', such as loans and other obligations, and has suffered emotional distress.

81. In doing the acts described in this Complaint, defendants knew that they would cause financial and emotional injury to plaintiff, carried out their adjustment of this claim with a conscious disregard of her right to the proceeds of the policy, subjected her to cruel and unjust hardship in conscious disregard of her right to the proceeds of the policy, and made misrepresentations to plaintiff and concealed material facts from plaintiff with the intention of depriving her of the life insurance policy proceeds to which she is entitled. Defendant, "John Heiss's" officers and managing agents knew of defendant misconduct and accepted the benefits of that misconduct, doing nothing to correct the situation, and thereby ratified their wrongdoing.

82. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper Count X of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this

Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

**COUNT XI**

83. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 82 as if they were set forth in full in this paragraph.

84. Wayne Resendes paid all premiums due under the policy, submitted, and performed all other conditions the policy required him to perform.

85. Wayne Resendes paid all premiums due under the policy and gave defendant "Life" and/or defendant, "Doe" notice of the death of Wayne Resendes. Plaintiff was ready, willing, and able to submit a formal proof of loss, as required by the policy, and would have done so had defendant "John Heiss" and/or defendant, "Doe" not breached the policy by denying benefits due under said policy to the plaintiff's claim immediately upon receiving the notice of the death of Wayne Resendes.

86. Defendant, "John Heiss" and/or defendant, "Doe" breached the policy by failing to pay plaintiffs' claim.

87. As a result of defendant, "John Heiss's" and/or defendant, "Doe" breach of the policy, plaintiff has suffered harm 21. As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper Count XI of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

**Count XII**

88. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 87 as if they were set forth in full in this paragraph.

89. In adjusting plaintiffs' claim defendant, "John Heiss" and/or defendant, "Doe" through its agents, acted unreasonably in denying payment of plaintiffs' claim in the following respects:

90. In adjusting plaintiffs' claim defendant, "John Heiss," and/or defendant, "Doe" through its agents, denied plaintiffs' claim without having any reasonable grounds for doing so. Defendant, "John Heiss" and/or defendant, "Doe" knew that it had no reasonable grounds for denying plaintiffs' claim or acted in reckless disregard of that fact, in that:

a. Defendants', in breach of defendant "John Heiss's" and/or defendant, "Doe's" duty to adjust plaintiffs' claim in good faith and to investigate every available source of information, set out to collect the minimum facts necessary to support a denial of the claim based on a defense of, misrrepresentaions made by plaintiff, Beverly Resendes and documents in the possession of plaintiff, Beverly Resendes. If defendant. "Life" and/or defendant, "Doe" had conducted a competent investigation, she would have received information showing that defendant, "Life" and/or defendant, "Doe" had no right to rely on that defense to deny plaintiff's claim.

b. Even after determining that plaintiff had a right to the insurance proceeds she claimed, defendant, "John Heiss" and/or defendant, "Doe" and their agents have delayed paying plaintiff her policy proceeds for the purpose of coercing plaintiff to accept a settlement of her claim below its fair value.

c. By denying payment of plaintiff's claim, defendant "John Heiss;" and/or defendant, "Doe," knowing that it had no legal justification for doing so, purposefully forced plaintiff to file this Complaint in order to obtain the insurance proceeds to which she is entitled. Defendant "John Heiss," and/or defendant, "Doe" forced plaintiff to seek legal redress for the purpose of coercing plaintiff to accept a settlement of her claim below its fair value.

d. Defendant "John Heiss," and/or defendant, "Doe" realizing that they had no legal grounds for denying or delaying payment of

plaintiffs' claim, and have created an apparent reason for denying plaintiffs' claim where no such reason existed.

e. Defendant, "John Heiss" and/or defendant, "Doe" in order to deny, and/or delay payment of plaintiffs' claim, purposefully used an overboard interpretation of the policy's exclusion knowing that this interpretation was contrary to case authority in the State of Rhode Island construing the same exclusion in similar policies.

g. Defendant, "John Heiss" and/or defendant, "Doe," knowing that there was no evidence to support their claims, that Wayne Resendes had lied to obtain a life policy so that he might fraudulently obtain insurance proceeds from their respective insurers. Defendant, "John Heiss" and/or defendant, "Doe" made accusations for the purpose of denying plaintiffs' claim, knowing that plaintiff would have a difficult time proving the allegations as a pretext for denying her claim.

h. In the course of adjusting plaintiffs' claim, defendant, "John Heiss" and/or defendant, "Doe" waited until plaintiff had cooperated completely. Defendant "John Heiss" and/or defendant, "Doe" engaged in this conduct for the purpose of taking advantage of plaintiffs' vulnerable position in the hope of inducing plaintiffs to close this matter.

I. In the course of investigating plaintiffs' claim, defendant, "John Heiss" and/or defendant, "Doe" demanded that plaintiff prepare and submit reports, despite the fact what the states and required the plaintiff to make statements regarding Wayne Resendes medical condition without having the benefits of all records available. Defendant, "John Heiss" and/or defendant, "Doe" made these oppressive demands for the purpose of delaying and eventually denying payment of plaintiffs' claim and coercing plaintiff into making statements that she had no knowledge

j. During the adjustment of plaintiffs' claim, defendant, "John Heiss" and/or defendant, "Doe" realized that defendant "John Heiss" and/or defendant, "Doe" had no grounds for disputing plaintiffs' entitlement to policy proceeds. Defendant, "John Heiss" and/or defendant, "Doe" nevertheless refused to pay this claim.

91. As a result of defendant "John Heiss's" and/or defendant, "Doe" breach of the policy, plaintiff has suffered and continues to suffer harm As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count XII of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life", alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive.

**COUNT XIII**

92. Plaintiff incorporates in this paragraph the allegations set forth in paragraphs 1 through 91 as if they were set forth in full in this paragraph.

93. Defendants are engaged in the business of insurance in the State of Rhode Island, and the policy was issued and delivered to plaintiff in the State of Rhode Island.

94. Defendants committed the acts referred to above knowingly and as part of a general business practice of:

a. misrepresenting pertinent facts and insurance policy provisions;

b. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. failing to adopt and implement reasonable standards for the prompt investigation of claims;

d. refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f. not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

g. compelling insures to institute litigation to recover amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in action brought by such insures;

h. attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by

reference to written or printed advertising material accompanying or made part of an application;

I. attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

j. making known to insured a policy of appeal from arbitration awards in favor of insured or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

k. delaying the investigation or payment of claims by requiring the insured to submit a preliminary claim report and then requiring the insured to submit a formal proof of loss, both containing substantially the same information;

l. failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy.

95. These acts constitute violations of the Unfair Claim Settlement Practices Act.

96. As a result of defendants' violations, plaintiff suffered harm as alleged in As a proximate result of defendant, "Life's," alias, and/or defendant, John Heiss, alias, and/or defendant, "Doe's" breach of an insurance contract as alleged herein, plaintiffs have been damaged in a sum in excess of the jurisdiction of this court, plus interest, including prejudgment interest, from on or about December 25, 2003, to the present, in an amount to be proven at trial.

WHEREFORE, plaintiff, Beverly Resendes as the executrix of the Estate of Wayne M. Resendes, a.k.a. Wayne M. Resendes, Sr., and plaintiff, Beverly Resendes, Individually as the beneficiary of the policy ask for judgment against defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, "DOE" 50, and each of them, for the full amount of the insurance on the policy plus interest, costs and any other that this court seems fit and proper on Count XIII of this action.

Plaintiffs Demands a Trial by Jury against the defendants, on this Cause of Action against the defendant, "Life," alias, and/or defendant, John Heiss, alias, and defendant, Doe 1 through Doe 50, Inclusive

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS**

By Their Attorneys,
RESMINI LAW ASSOCIATES

Wayne G. Resmini, Esq. #6373
207 Waterman Street
Providence, Rhode Island 02906
(401) 751-6655
(401) 751-6282 FAX

February 10, 2005

# EXHIBIT

# A

Life Investors Insurance Company of America
Home Office located at 4333 Edgewood Road NE, Cedar Rapids, Iowa 52499

DECREASING TERM TO AGE 95 LIFE INSURANCE POLICY
CONVERSION PERIOD SPECIFIED ON PAGE THREE
TERMINAL ILLNESS ACCELERATED DEATH BENEFIT
CURRENT FACE AMOUNT PAYABLE AT DEATH PRIOR TO EXPIRY DATE
NON-PARTICIPATING

INDEX


| | Page |
|---|---|
| Assignment | 4 |
| Basis Used for Calculations | 6 |
| Beneficiary | 4 |
| Change of Owner or Beneficiary | 5 |
| Contract | 4 |
| Conversion Privilege | 6 |
| Definitions | 2 |
| General Provisions | 4 |
| Grace Period | 5 |
| Guaranteed Premiums | 3 |
| Incontestability | 4 |
| Indebtedness | 2 |
| Interest from Date of Death | 8 |
| Misstatement of Age or Sex | 4 |
| Nonparticipating | 6 |
| Payment Intervals (Premiums) | 5 |
| Payment of Proceeds | 7 |
| Policy Specifications | 3 |
| Premiums | 5 |
| Reinstatement | 5 |
| Settlement Options | 7 |
| Suicide Exclusion | 4 |
| Terminal Illness Accelerated Death Benefit | 10 |


- Please examine your policy and the attached copy of the application carefully. Contact your agent if you desire additional services or information.
- If you change your address, please notify us at the home office giving your full name and policy number.
- Your policy is a valuable asset. For your own protection, let us advise you regarding any suggestion to terminate or replace this policy.

RECEIVED
APR 2 0 2004

Life Investors Insurance Company of America
A Stock Company
Home Office located at: 4333 Edgewood Road N.E., Cedar Rapids, Iowa 52499
(Hereafter called the Company, we, our or us)
(319)398-8511

| | | | |
|---|---|---|---|
| **INSURED:** | WAYNE M RESENDES | **INITIAL FACE AMOUNT:** | $ 93,800 |
| **POLICY NUMBER:** | 012931668 | **POLICY DATE:** | DECEMBER 16, 2003 |
| **OWNER(S):** | WAYNE M RESENDES | | |

**WE AGREE**

- To pay the Proceeds of this policy to the beneficiary upon receiving due proof of the Insured's death, and
- To provide you with the other rights and benefits of this policy.

These agreements are subject to the provisions of this policy.

**10 DAY RIGHT TO CANCEL**

**You may cancel this policy by delivering or mailing a written request to us or to the agent from whom it was purchased. You must return the policy to us or the agent before midnight of the tenth day after the day you receive it. Your written request given by mail and return of the policy by mail are effective on being postmarked, properly addressed and postage prepaid. We must return all payments made for this policy within thirty days after we receive notice of cancellation and the returned policy.**

Signed for us at our home office.

Craig D. Vermie (signature) — **SECRETARY**

(signature) — **PRESIDENT**

This policy is a legal contract between the policyowner and the company.
**READ YOUR POLICY CAREFULLY**

**Benefits paid under the Terminal Illness Accelerated Death Benefit may be considered taxable income to you. We urge you to consult your personal tax advisor regarding matters of possible taxation.**

**DECREASING TERM TO AGE 95 LIFE INSURANCE POLICY**
**CONVERSION PERIOD SPECIFIED ON PAGE THREE**
**TERMINAL ILLNESS ACCELERATED DEATH BENEFIT**
**CURRENT FACE AMOUNT PAYABLE AT DEATH PRIOR TO EXPIRY DATE**
**NON-PARTICIPATING**

APTL0301 00 300

# DEFINITIONS

When we use the following words, this is what we mean:

**AGE** — The Insured's age at the Insured's last birthday, unless we state otherwise.

**BENEFICIARY** — The person to receive the proceeds in the event of the Insured's death.

**CURRENT FACE AMOUNT** — The amount upon which death proceeds are determined. The Current Face Amount Table is shown on page 3B.

**EXPIRY DATE** — The date on which coverage under this policy expires. This is the date whe the Insured's age turns 95, as shown on page 3.

**FIRST PREMIUM INCREASE DATE** — The first day on which your premium will increase. Your premium will increase on the First Premium Increase Date and each anniversary thereafter when premium is due.

**IMMEDIATE FAMILY** — A spouse, child, brother, sister, parent, grandparent or grandchild of the Insure or Owner.

**INDEBTEDNESS** — Any due and unpaid premium.

**IN FORCE** — The period of time the Insured's life remains insured under the terms of th policy.

**INITIAL FACE AMOUNT** — The Initial Face Amount is shown on page 3.

**INSURED** — The person whose life is insured under this policy as shown on page 3.

**LAPSE OR LAPSED** — A premium is in default, and the Insured's life is no longer insured under tl terms of this policy.

**PHYSICIAN** — An individual licensed to practice medicine and treat injury or illness in the sta in which treatment is received and who is acting within the scope of th license. A Physician must be someone other than:

(a) the Insured;
(b) the Owner;
(c) a person who lives with the Insured or Owner; or
(d) a person who is part of the Insured's or Owner's Immediate Family.

**PHYSICIAN'S STATEMENT** — A written statement acceptable to the Company and signed by a Physician whic

(a) gives the Physician's diagnosis of the Insured's terminal medical condition; and
(b) states with reasonable medical certainty the terminal medical condition w result in the death of the Insured within 12 months from the date of tl Physician's Statement. This statement must take into consideration tl ordinary and reasonable medical care, advice, and treatment available in tl same or similar communities.

| | |
|---|---|
| **POLICY ANNIVERSARY** | The same day and month as your Policy Date for each succeeding year your policy remains in force. |
| **POLICY DATE** | The date coverage under this policy becomes effective and the date from which expiry dates and premium due dates are determined. |
| **POLICY YEAR** | The twelve month period directly preceding the policy anniversary. |
| **PROCEEDS** | The amount we are obligated to pay under the terms of this policy when the Insured dies. |
| **REINSTATE** | To restore coverage after the policy has lapsed. |
| **TERMINAL CONDITION** | A condition resulting from injury or illness which, as determined by a Physician, has reduced the Insured's life expectancy to not more than 12 months from the date of the Physician's Statement. |
| **TERMINATE** | The Insured's life is no longer insured under any of the terms of this policy. |
| **YOU, YOUR** | The owner of this policy is as shown in the application, unless subsequently changed as provided for in this policy. The owner is the Insured unless otherwise stated. |
| **WRITTEN REQUEST** | A request in writing signed by you on a form agreeable to us. |

## POLICY SPECIFICATION PAGE

| | | | |
|---|---|---|---|
| OLICY NUMBER: | 012931668 | INSURED: | WAYNE M RESENDES |
| IITIAL FACE AMOUNT: | $ 93,800 | POLICY DATE: | DECEMBER 16, 2003 |
| GE/SEX: | 55 /MALE | EXPIRY DATE: | DECEMBER 16, 2043 |
| WNER: | WAYNE M RESENDES | FIRST PREMIUM INCREASE DATE: | DECEMBER 16, 2023 |

PREMIUM CLASS: NON-TOBACCO

| TYPE OF COVERAGE | AMOUNT | POLICY YEARS PREMIUM IS PAYABLE | GUARANTEED PREMIUM PAYMENTS (ANNUAL) |
|---|---|---|---|
| ASIC POLICY<br>ECREASING TERM INSURANCE<br>O AGE 95<br>Conversion allowed prior to the earlier of: First Premium Increase Date or Insured's Age 70 | $ 93,800.00<br>****For the First Policy Year (see page 3B) | To Age 95 | *$ 895.76<br>*For the First 20 Policy Years |

Total Guaranteed Annual Premium on Policy Date........................................$ 895.76

### SCHEDULE OF TOTAL PREMIUMS

| Policy Year | Annual | Semi-Annual | Quarterly | Monthly |
|---|---|---|---|---|
| Years 1– 20 | $ 895.76 | $ 447.88 | $ 223.94 | $ 74.64 |

GUARANTEED PREMIUM SC[illegible]ULE
ANNUAL PREMIUMS FOR POLIC[illegible] BENEFITS

POLICY NUMBER: 012931668 INSURED: WAYNE M RESENDES

| POLICY YEAR | **TERM LIFE INSURANCE POLICY | ***TOTAL ANNUAL PREMIUMS | POLICY YEAR | **TERM LIFE INSURANCE POLICY | ***TOTAL ANNUAL PREMIUMS |
|---|---|---|---|---|---|
| 21 | 11,739.04 | 11,739.04 | 32 | 39,099.56 | 39,099.56 |
| 22 | 13,029.73 | 13,029.73 | 33 | 42,270.00 | 42,270.00 |
| 23 | 14,422.66 | 14,422.66 | 34 | 42,410.70 | 42,410.70 |
| 24 | 15,868.11 | 15,868.11 | 35 | 42,551.40 | 42,551.40 |
| 25 | 17,410.19 | 17,410.19 | 36 | 42,692.10 | 42,692.10 |
| 26 | 19,508.49 | 19,508.49 | 37 | 42,832.80 | 42,832.80 |
| 27 | 21,885.38 | 21,885.38 | 38 | 42,973.50 | 42,973.50 |
| 28 | 24,610.27 | 24,610.27 | 39 | 43,114.20 | 43,114.20 |
| 29 | 27,730.06 | 27,730.06 | 40 | 43,254.90 | 43,254.90 |
| 30 | 31,219.42 | 31,219.42 | | | |
| 31 | 35,023.01 | 35,023.01 | | | |

** INCLUDES ANNUAL POLICY FEE OF $ 60.00

***TOTAL ANNUAL PREMIUMS COLUMN INCLUDES PREMIUMS FOR ANY ADDITIONAL BENEFITS WHICH MAY BE ATTACHED TO YOUR POLICY EXCEPT FOR THE MONTHLY DISABILITY INCOME RIDER, IF ELECTED.

## CURRENT FACE AMOUNT TABLE
## (PERCENTAGE OF INITIAL FACE AMOUNT)

**TERM DURATION**

| Policy Year | 15 YEAR | 20 YEAR | 25 YEAR | 30 YEAR |
|---|---|---|---|---|
| 1 | 100.0% | 100.0% | 100.0% | 100.0% |
| 2 | 96.9 | 98.3 | 99.0 | 99.4 |
| 3 | 93.4 | 96.3 | 97.9 | 98.7 |
| 4 | 89.6 | 94.2 | 96.6 | 98.0 |
| 5 | 80.6 | 91.9 | 95.3 | 97.2 |
| 6 | 74.6 | 89.3 | 93.8 | 96.3 |
| 7 | 68.9 | 86.5 | 92.2 | 95.3 |
| 8 | 64.5 | 83.4 | 90.4 | 94.2 |
| 9 | 59.1 | 80.0 | 88.4 | 93.0 |
| 10 | 54.7 | 76.3 | 86.2 | 91.7 |
| 11 | 50.0 | 72.2 | 83.8 | 90.3 |
| 12 | 50.0 | 67.6 | 81.2 | 88.7 |
| 13 | 50.0 | 62.0 | 78.3 | 87.0 |
| 14 | 50.0 | 57.0 | 75.1 | 85.1 |
| 15 | 50.0 | 52.0 | 71.5 | 83.0 |
| 16 | 50.0 | 50.0 | 67.7 | 80.7 |
| 17 | 50.0 | 50.0 | 63.4 | 78.1 |
| 18 | 50.0 | 50.0 | 58.1 | 75.3 |
| 19 | 50.0 | 50.0 | 53.6 | 72.3 |
| 20 | 50.0 | 50.0 | 50.0 | 68.5 |
| 21 | 50.0 | 50.0 | 50.0 | 64.0 |
| 22 | 50.0 | 50.0 | 50.0 | 59.5 |
| 23 | 50.0 | 50.0 | 50.0 | 55.8 |
| 24 | 50.0 | 50.0 | 50.0 | 52.5 |
| 25 | 50.0 | 50.0 | 50.0 | 50.0 |
| 26 | 50.0 | 50.0 | 50.0 | 50.0 |
| 27 | 50.0 | 50.0 | 50.0 | 50.0 |
| 28 | 50.0 | 50.0 | 50.0 | 50.0 |
| 29 | 50.0 | 50.0 | 50.0 | 50.0 |
| 30+ | 50.0 | 50.0 | 50.0 | 50.0 |

To determine the Current Face Amount, multiply the percentage for your policy's term duration for the appropriate Policy Year, by the Initial Face Amount shown on page 3.

## GENERAL PROVISIONS

**THE CONTRACT**

Your policy is issued in consideration of the application and the payment of premiums as provided for in this policy.

Your policy, any endorsement(s), and the copy of the application attached to it contain the entire contract between you and us. Any statements made in the application(s) either by you or by the Insureds will, in the absence of fraud, be considered representations and not warranties. Also, any written statement made either by you or by the Insureds will not be used to void your policy nor defend against a claim under your policy unless the statement is contained in the application(s).

No change or waiver of any of the provisions of this policy will be valid unless made in writing by us and signed by our president, a vice president, our secretary or an officer of the company. No agent or other person has the authority to change or waive any provision of your policy.

Any extra benefit rider attached to this policy will become a part of this policy and will be subject to all the terms and conditions of this policy unless we state otherwise in the rider.

**SUICIDE EXCLUSION**

If the Insured, whether sane or insane, dies by suicide within two years from the policy date, our liability will be limited to an amount equal to the premiums paid for this policy.

If you were a Missouri citizen at the time of issue or reinstatement, the following provision will apply: The suicide of the Insured is no defense to payment of regular life insurance benefits, nor is the suicide of the Insured while insane a defense to payment of accidental death benefits, if any, available under this policy, unless we can show that the Insured intended suicide when he applied for these benefits.

If this Policy is reinstated, this Section will be reinstated. A new two year period shall apply beginning on the date of reinstatement. If the Insured, whether sane or insane, dies by suicide within two years from the reinstatement date, our liability will be limited to an amount equal to the premiums paid from the date of reinstatement.

**INCONTESTABILITY**

We cannot contest this policy, except for fraud or non-payment of Premium, after it has been in force during the lifetime of the Insured for two years after:
(a) the Policy Date; or
(b) the effective date of reinstatement of this policy.

**ASSIGNMENT**

Your policy may be assigned by you. The assignment must be in writing and filed at our home office. We assume no responsibility for the validity or effect of any assignment of this policy or of any interest in it. Any proceeds which become payable to an assignee will be payable in a single sum and will be subject to proof of the assignee's interest and the extent of the assignment.

**MISSTATEMENT OF AGE OR SEX**

If the age or sex of the Insured has been misstated, the benefits will be those which the premiums paid would have purchased for the correct age and sex.

**BENEFICIARY**

When we receive due proof of the Insured's death, we will pay the proceeds of this policy, to the beneficiary or beneficiaries who are named in the application for this policy unless you subsequently change the beneficiary. In that event, we will pay the proceeds to the beneficiary named in your last change of beneficiary request as provided for in this policy.

If a beneficiary dies before the sured, that beneficiary's interest in policy ends with that beneficiar death. Only those beneficiaries survive the Insured will be eligible to share in the proceeds. If beneficiary survives the Insured, we will pay the proceeds of this pc to you, if living, otherwise to your estate.

**CHANGE OF OWNER OR BENEFICIARY**

If you have reserved the right to change the owner or Beneficiary, you can file a written request with us on a form satisfactory to the Compa to make such a change. If you have not reserved the right to change Beneficiary, the written consent of the irrevocable Beneficiary will required.

Your written request will not be effective until it is recorded in our h office records. After it has been so recorded, it will take effect as the date you signed the request. However, if the Insured dies before request has been so recorded, the request will not be effective as those proceeds we have paid before your request was recorded in home office records.

**PREMIUMS**

Your first premium is due as of the policy date, and is payable in adva All premiums after the first premium are payable on or before the they are due and must be mailed to us at our home office. If you w like a receipt for a premium payment, we will give you one, signed l company officer, upon request.

**PAYMENT INTERVALS**

The frequency of the premium payments are shown on page 3 of your policy. Interruption of premium payments will cause your policy to e the Grace Period. Premiums may be paid annually, semi-annually, quar or monthly. The mode of payment may be changed at any p anniversary by written agreement.

**GRACE PERIOD**

Your policy has a 31 day grace period. This means that if a premiur not paid on or before the date it is due, you may pay that premium du the 31 day period immediately following the due date. The Insured's will continue to be insured during this 31 day period.

If the Insured dies during this period, we will deduct a premium for 31 day grace period from the proceeds of this policy. This 31 day g period does not apply to the first premium payment.

**REINSTATEMENT**

If a premium is not received before the end of the 31 day grace pe your policy will terminate and no further premium payments may be ma

However, even if your policy terminates, during the lifetime of the Insu this policy can be reinstated if it was terminated because a grace pe ended without sufficient premium payments. Any reinstatement mus done within 5 years from the end of the grace period. We will requir

1. Your written request to reinstate this policy,
2. The Insured's written consent to reinstatement,
3. Evidence of insurability satisfactory to us,
4. Payment of all overdue premiums with interest from the due dat each premium. The interest rate is eight percent (8%) per an compounded annually, and
5. Payment or reinstatement of any indebtedness.

The date of reinstatement will be the Monthly Anniversary Date or following the date the application for reinstatement is approved by us long as the Insured is still living. If all the conditions for reinstatemen satisfied, coverage under this Policy will be effective as though it continued in force from the lapse date to the date of reinstatement.

his
ho
no
cy

**BASIS USED FOR CALCULATIONS**

We use the 1980 Commissioner's Male or Female Standard Ordinary Mortality Table, (S or NS), Age Last Birthday. Reserves are not less than the required minimum reserves. If required, we have filed a detailed statement about this with your State Insurance Department.

**NONPARTICIPATING**

This policy will not share in our surplus distributions.

**CONVERSION PRIVILEGE**

While this policy is in force, you may convert it to a new policy. The conversion may be made during the conversion period described on page 3, if no premium is in default. The following conditions apply:

1. The face amount of the new policy does not exceed the amount of insurance under this policy on the date of conversion.
2. The face amount of the new policy is not less than the minimum amount we issue. There will always be a plan available in an amount to which you may convert.
3. You must send us a written request for the conversion.
4. The new policy is on any Life plan written by us other than Term Insurance.
5. Premiums for the new policy will be for the same class of risk as for this policy and for the Insured's sex and age as of the date of the new policy.
6. The new policy is dated as of the date of conversion. Coverage under this policy terminates when coverage under the new policy begins.
7. If premiums are being waived under a rider attached to this policy at the time of conversion, the premiums under the new policy will not be waived.

If the policy is converted in accordance with the conversion conditions listed above, the Incontestability and Suicide provisions in the new policy shall be void.

## PAYMENT OF PROCEEDS

**SETTLEMENT OPTIONS**

You may, during the Insured's lifetime, request that we pay the Proceeds under one of the following settlement options. We will also use any other method of payment that is agreeable to you and us, including a lump sum payment. In the event a death claim arises under this policy, settlement shall be made as outlined in the Interest From Date of Death provision on page 8.

**OPTION 1**

–Interest Payments–
(Payment of interest on the Proceeds at such times and for a period that is agreeable to you and us.) Withdrawal of Proceeds may be made in amounts of at least $100. At the end of the period, any remaining Proceeds will be paid in either a single sum or under any other method we approve.

**OPTION 2**

–Payments for a Specified Period–
(Monthly payments for a specified number of years.) The amount of each monthly payment for each $1,000 of Proceeds applied under this option is shown in Option 2 Table. The monthly payments for any period not shown will be furnished upon request.

**Option 2 Table**

| PAYMENTS FOR A SPECIFIED PERIOD | |
|---|---|
| Number of Years Payable | Amount of Monthly Payments |
| 5 | $17.91 |
| 10 | 9.61 |
| 15 | 6.87 |
| 20 | 5.51 |
| 25 | 4.71 |
| 30 | 4.18 |

**OPTION 3**

–Life Income–
(Monthly payments for the life of the person who is to receive the income.) We will require satisfactory proof of the person's age and sex. Payments can be guaranteed for either Life, 10 or 20 years, or as the "Guaranteed Return of Policy Proceeds." The amount of each monthly payment for each $1,000 of Proceeds applied under this option is shown in Option 3 Table. The monthly payments for any ages not shown will be furnished upon request.

**Option 3 Table**

| LIFE INCOME MONTHLY INCOME PAYMENTS | | | | | |
|---|---|---|---|---|---|
| Guaranteed For Life | | | Guaranteed For 10 Years | | |
| M | AGE | F | M | AGE | F |
| $3.84 | 50 | $3.53 | $3.82 | 50 | $3.52 |
| 4.20 | 55 | 3.81 | 4.15 | 55 | 3.79 |
| 4.67 | 60 | 4.17 | 4.59 | 60 | 4.14 |
| 5.33 | 65 | 4.68 | 5.17 | 65 | 4.61 |
| 6.26 | 70 | 5.39 | 5.89 | 70 | 5.24 |
| Guaranteed Return of Policy Proceeds | | | Guaranteed For 20 Years | | |
| M | AGE | F | M | AGE | F |
| $3.71 | 50 | $3.47 | $3.74 | 50 | $3.49 |
| 4.00 | 55 | 3.71 | 4.02 | 55 | 3.73 |
| 4.37 | 60 | 4.02 | 4.34 | 60 | 4.03 |
| 4.84 | 65 | 4.42 | 4.69 | 65 | 4.38 |
| 5.45 | 70 | 4.94 | 5.02 | 70 | 4.77 |

**ULTIMA HOME PROTECTOR APPL ION** [ ]

*Life Investors Insurance Company of rica*
Home Office, 4333 Edgewood Road NE, Cedar Rapids, IA 52499

**PROPOSED INSURED INFORMATION**

Name (First, M.I., Last) WAYNE M. RESENDES
Mailing Address 126 Pinehill AVE Johnston, R.I. 02919

| Home Telephone No. | Work Telephone No. | Birth Date | Birth Place (State or Country) | Social Security No. or Tax I.D. No. |
|---|---|---|---|---|
| (401) 641-1230 | (401) 641-1230 | 5-23-48 | PROVIDENCE R.I. | 037 32 0048 |

| Height | Weight | Marital Status | Sex | U.S. Citizen | If no, give immigration status/type of visa: |
|---|---|---|---|---|---|
| 5' 8" | 175 | MARRIED | M | ☒ Yes ☐ No | |

Occupation, Duties, and Annual Income from Employment: MAINTENANCE — 51,000
Monthly Mortgage Payment $ 850.00

Have you used any tobacco within the last 12 months? ☐ Yes ☒ No If yes, list type and when used last ______

**BENEFICIARY AND RELATIONSHIP TO PROPOSED INSURED** *(Unless otherwise noted, the beneficiary of other persons proposed for Coverage will be the proposed insured.)*

Primary: Beverly Resendes - WIFE
Contingent: Children of Above in Equal Shares — Nicole (Resendes, Daughter) + Wayne Jr Resendes (Son)

**OWNER(S)** *(Unless otherwise noted, the Owner will be the Insured. For Florida applicants, you may name a secondary addressee to receive notice of possible lapse in coverage - complete the Additional information section.)*

| Name | Relationship to Proposed Insured | Social Security Number |
|---|---|---|
| SAME | | |

| Address | Birth Date | Phone |
|---|---|---|
| | | ( ) |

**POLICY INFORMATION**

☐ Ultima Home Protector (5 year guaranteed premium) ☒ Ultima Home Protector Plus

| ☐ Level ☒ Decreasing | Amount of Insurance $ 93,800 | Planned Premium $ 74.04 |
|---|---|---|

Term Plan: Number of years (term period) ☐ 15 ☒ 20 ☐ 25 ☐ 30

Mode of Payment (for bank draft, complete Check-O-Matic authorization, and initial payment required.)
☒ Monthly Bank Draft ○ Quarterly ○ Semi-Annual ○ Annual

Total Amount Paid in Exchange for Receipt $ 74.04

*(No coverage will be effective in accordance with the terms of the Receipt and unless full initial modal premium payment is submitted.)*

**ADDITIONAL BENEFITS** *(Availability varies)*

- ○ Additional Insured Rider (fill out table below)
- ○ Child Rider (fill out table below)
- ○ Disability Income Rider Monthly Payout $______
- ○ Return of Premium Rider
- ○ Unemployment Benefit Rider
- ○ Waiver of Premium Rider (term only)
- ○ Other:______

| Name of Other Proposed Insured(s) | Birth Date | Sex | Height | Weight | Social Security Number | Relationship to Insured | Amount of Insurance | Used Tobacco in last 12 months? |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐ Yes ☐ No |
| | | | | | | | | ☐ Yes ☐ No |
| | | | | | | | | ☐ Yes ☐ No |
| | | | | | | | | ☐ Yes ☐ No |

**INSURANCE IN FORCE** *(Indicate Amounts)*

| Insured's Name | Company | Life Insurance | Disability Income |
|---|---|---|---|
| Wayne Resendes | Prudential | 25,000 | — |
| Wayne Resendes | Textron | 40,000 | — |

**PERSONAL PHYSICIAN(S)**

| Name of Proposed Insured | Personal Physician(s) Name, Address, Phone Number | Date Last Visited, Reason, Result |
|---|---|---|
| WAYNE RESENDES | Dr. Swartz - Chalkstone Ave Providence R.I. 02908 | Oct 2003 Regular Physical Check-up - All Results OK |

**COMPLETE THE FOLLOWING** *For YES answers, give full details in the space provided on the next page.*

1. Will the insurance applied for replace or change any existing insurance or annuities? ☐ Yes ☒ No

**Have you or any proposed Insured,**

2. Had any health, disability or life insurance pending with another company? ☐ Yes ☒ No
3. Been declined, postponed, offered a rated or modified life, health or disability policy or been denied reinstatement? ☐ Yes ☒ No
4. Within the past 5 years, been cited or convicted of a moving violation, including DUI, or had a driver's license suspended or revoked? (If yes, provide state and drivers license number.) ☐ Yes ☒ No
5. Within the past 10 years, been treated for or diagnosed by a health care professional as having: *(If yes, circle applicable condition.)*
   a. Any disease or disorder of the blood or circulatory system (such as: heart disease, palpitations, heart murmur, or chest pain, high blood pressure, stroke, anemia), respiratory system (such as: emphysema, asthma, shortness of breath or sleep apnea), brain or nervous system (such as: seizures, epilepsy, multiple sclerosis, mental illness or Alzheimer's disease), urinary tract (such as: kidney or bladder), reproductive system, stomach, intestine, liver (such as: ulcer, colitis, Crohn's disease or hepatitis), endocrine system (such as: diabetes, thyroid), or muscles or bone (such as: arthritis, back problems, lupus)? ☒ Yes ☐ No
   b. Cancer, cyst, or tumor? ☐ Yes ☒ No
   c. Currently on any medication or being treated for any condition, not listed above? ☐ Yes ☒ No
   d. Used drugs (such as: hallucinogens, barbiturates, excitants or narcotics) except as medication prescribed by a physician, or been treated or counseled for drug or alcohol use? ☐ Yes ☒ No
6. Within the past 5 years,
   a. Had or been advised to have a check-up, consultation, lab test, EKG, X-ray or other diagnostic test. ☐ Yes ☒ No
   b. Been or is now fully or partially disabled? ☐ Yes ☒ No
   c. Been charged with or convicted of any felony or been on probation? ☐ Yes ☒ No

**Please complete the AIDS question for the state the application is signed in as indicated in the Authorization section. If this state is not listed, answer the first question.**

1) Have you or any Proposed Insured EVER been diagnosed as having or been treated for AIDS, or AIDS Related Complex (ARC) or tested positive for the AIDS virus? ☐ Yes ☒ No

**For applicants in:**

**ARIZONA** Have you or any Proposed Insured EVER, been diagnosed as having or been treated for AIDS, or AIDS Related Complex (ARC)? ☐ Yes ☐ No

**CALIFORNIA** Have you or any Proposed Insured EVER, had or been told you/they have AIDS, or AIDS Related Complex (ARC), or been tested for HIV antibodies for the purpose of obtaining insurance? ☐ Yes ☐ No

**CONNECTICUT** Have you or any Proposed Insured EVER, been diagnosed as having or been treated for Acquired Immune Deficiency Syndrome (AIDS), AIDS Related Complex (ARC), or AIDS related conditions? ☐ Yes ☐ No

**FLORIDA** Have you or any Proposed Insured EVER, tested positive for exposure to the HIV infection, or been diagnosed as having ARC, or AIDS caused by the HIV infection? ☐ Yes ☐ No

**GEORGIA, HAWAII, ILLINOIS, NEW JERSEY** Have you or any Proposed Insured EVER, been diagnosed as having or been treated, by a member of the medical profession for AIDS, or AIDS Related Complex (ARC)? ☐ Yes ☐ No

**INDIANA** Have you or any Proposed Insured EVER, had HIV or been diagnosed as having HIV? ☐ Yes ☐ No

**MAINE** Have you or any Proposed Insured EVER, been diagnosed as having or been treated for AIDS, or AIDS Related Complex (ARC)? **ANSWER THIS QUESTION NO IF YOU HAVE TESTED POSITIVE FOR HIV AND HAVE NOT DEVELOPED SYMPTOMS OF THE DISEASE AIDS.** ☐ Yes ☐ No

**MARYLAND, MASSACHUSETTS, NEW MEXICO, and NORTH CAROLINA** Have you or any Proposed Insured EVER, been diagnosed as having or been treated for Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC), or tested positive for Human Immunodeficiency Virus (HIV)? ☐ Yes ☐ No

**MISSOURI, OHIO** Have you or any Proposed Insured EVER, been diagnosed as having or been treated for AIDS, or AIDS Related Complex (ARC) or tested positive for the HTLV-III test? ☐ Yes ☐ No

**NORTH DAKOTA** Have you been diagnosed or treated by a member of the medical profession as having AIDS, ARC or the HIV infection? ☐ Yes ☐ No

**VERMONT** Have you or any Proposed Insured EVER, been diagnosed, by a person licensed as a medical physician, as having or been treated for AIDS or AIDS Related Complex (ARC)? ☐ Yes ☐ No

**WASHINGTON** Have you or any Proposed Insured EVER had or been treated or diagnosed by a member of the medical profession for immune deficiency disorder, AIDS (Acquired Immune Deficiency Syndrome) or ARC (AIDS Related Complex) or test results indicating exposure to the AIDS virus? ☐ Yes ☐ No

**WISCONSIN** Have you or any Proposed Insured EVER, been diagnosed, by a member of the medical profession as having or been treated for AIDS, or AIDS Related Complex (ARC) or tested positive for the AIDS virus? Tests for HIV/AIDS must be limited to FDA-licensed blood test. Test results received at anonymous counseling and testing sites or from home test kits need not be disclosed. ☐ Yes ☐ No

**ADDITIONAL INFORMATION** *Explain all "yes" answers below.*

| Question Number | Name of Proposed Insured | Details (Diagnosis, Dates, Durations) Medical Facilities & Physicians Names, Addresses, Phone Numbers |
|---|---|---|
| 5A - | Wayne - | 20 MGS - Valsartan - Dr. Schwartz |
| | | Daily Chalkstone Ave, |
| | | Providence R.I. 02908 |
| | | Being controlled (Blood Pressure) |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## LIFE INVESTORS INSURANCE COMPANY OF AMERICA

### FRAUD WARNING

The following states require that insurance applicants acknowledge a fraud warning statement. Please refer to the fraud warning statement for your state as indicated below.

**For applicants in ARKANSAS, LOUISIANA**

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**For applicants in COLORADO**

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

**For applicants in FLORIDA**

Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony in the third degree.

**For applicants in KENTUCKY, OHIO, and PENNSYLVANIA**

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**For applicants in MAINE, VIRGINIA, TENNESSEE and DISTRICT OF COLUMBIA**

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

**For applicants in MINNESOTA**

A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

**For applicants in NEW JERSEY**

Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.

**For applicants in NEW MEXICO**

Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and criminal penalties.

**Under penalties of perjury, I here[illegible] certify (1) that the Social Security or Taxpay[illegible] D. number above on this application is correct and (2) that I am currently not subject to backup withholding. [Cross out (2) if not correct.] See below*****

The statements and answers on this Application are true and complete to the best of my knowledge and belief. It is agreed that: (a) this application and any amendments hereto, shall be the basis of any insurance granted; (b) no agent has authority to waive the answer to any question in the application, to pass on insurability, to waive any of the other Company's rights or requirements or to make or alter any contract; (c) acceptance of any policy issued shall constitute ratification of any endorsements in the space entitled "For Administrative Office Endorsement," except that no change in the amount, classification, plan of insurance or annuity, or benefits shall be effective unless agreed to in writing by the Applicant, and (d) no insurance or annuity shall be considered in force unless and until a policy shall have been issued by the Company and said policy manually received and accepted by the Applicant and the full first premium paid thereon, all during the lifetime and before any change in the insurability of any person proposed for insurance from that stated herein.

***The Company shall have sixty days from the date hereof within which to consider and act on this application and if within such period a policy has not been received by the Applicant or if notice of approval or rejection has not been given, then this application shall be deemed to have been declined by the Company.

Unless otherwise stated the undersigned Applicant is the Premium Payor and the Owner of the policy applied for.

**AUTHORIZATION:** I authorize any licensed physician, medical practitioner, hospital, clinic, medical or medically related facility, Medical Information Bureau, the Veteran's Administration, or other health care provider, my employer and any consumer reporting agency or insurance company who possess information concerning any care, treatment or advice rendered to me to provide such information to Life Investors Insurance Company of America, its representatives or its reinsurers. A photocopy of this Authorization shall be considered as valid as the original, which I or my authorized representative may receive a copy of upon request. Life Investors Insurance Company of America, or its reinsurers, may release this information about me to its reinsurers, to the Medical Information Bureau or to another insurance company to which I have applied. This authorization is limited to a period of 30 months commencing on the date of this application. I represent that the foregoing statements are complete and true to the best of my knowledge and belief. I understand that the date coverage becomes effective for any policy applied for on this application will be the date recorded on the Policy Specification page, not the date the application is signed. I understand coverage will be effective when the first premium is paid, provided all persons proposed for insurance are acceptable to the company under its rules and limits as standard risks, on the plan and for the amount applied for and the rate of premium declared. I authorize payroll deduction of the premiums, and acknowledge receipt of the MIB Disclosure Notice and Fair Credit Reporting Act Notice.

**The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.**

Dated at Johnston, R.I. (city, state) this 8th day of December (month) 2003 (year)

Wayne M Resendes Sr. — Signature of Proposed Insured

________ Signature of Additional Insured

________ Signature of Applicant if Other Than Insured ☐ Owner ☐ Other

________ Signature of Parent or Legal Guardian for Insured's 15 and under

Best time to call for a personal history interview ____ a.m. ____ p.m. Okay to contact at work? Yes ☐ No ☒

**AGENT INFORMATION & SIGNATURE**

| Signature of Agent | (Print Last Name) | Agent # | Telephone Number |
|---|---|---|---|
| [signature] | Heiss | 9762875 | (401) 349-4157 |
| Split Agent Signature (If Applicable) | (Print Last Name) | Agent # | Telephone Number |

Do you have any knowledge or reason to believe that the insurance applied for will replace or change any existing insurance or annuity? Yes ☐ No ☒

If yes, what company? ________ Policy # ________