UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BEVERLY RESENDES, Individually, BEVERLY RESENDES as Executrix of the Estate of Wayne M. Resendes a.k.a. Wayne Manuel Resendes, Sr., Plaintiff | ) | |
| vs. | ) | C.A. No. 05-0126/T |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, ALIAS, JOHN E. HEISS, ALIAS, DOE CORPORATION, DOE & DOE I THRU DOE 50, INCLUSIVE Defendants. | ) | |

**ANSWER OF LIFE INVESTORS**
**INSURANCE COMPANY OF AMERICA AND COUNTERCLAIMS**

Defendant Life Investors Insurance Company of America ("Life Investors") responds to the allegations of plaintiff's complaint as follows:

FIRST DEFENSE

1. Lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 1 and 6.

2. Answering the allegations of paragraph 2, alleges that Beverly Resendes is the primary designated beneficiary of Life Investors' policy no. 012931668, insuring the life of Wayne Resendes (the "Policy"); except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

3. Admits paragraphs 3 and 5, except answering the allegations of paragraph 5, states that it is duly organized and existing under the laws of the state of Iowa.

5

4. Answering the allegations of paragraph 4, alleges that co-defendant Heiss is an agent authorized to solicit applications for insurance on behalf of Life Investors within the State of Rhode Island; except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 7, alleges that co-defendant Heiss was, at all times relevant to this action, an agent authorized to solicit applications for insurance on behalf of Life Investors; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 8, alleges that Life Investors issued the Policy on December 16, 2003; except as so alleged, denies the remaining allegations of that paragraph.

7. Paragraphs 9 and 23 state conclusions of law for which no response is required; to the extent the Court may otherwise construe those paragraphs, they are denied.

8. Answering the allegations of paragraph 10, alleges that the document appended to the complaint as Exhibit A appears to be an incomplete copy of the Policy; except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 11, alleges that the terms of the Policy speak for themselves and require no further comment or characterization by Life Investors; except as so alleged, denies the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 12, alleges that Wayne Resendes made a premium payment in an amount less than the minimum premium due; except as so alleged, denies the remaining allegations of that paragraph.

11. Answering the allegations of paragraph 13, alleges that Life Investors received a copy of a death certificate indicating that Wayne Resendes died on December 25, 2003; except as so alleged, denies the remaining allegations of that paragraph.

12. Answering the allegations of paragraphs 14, 17 and 59, alleges that Life Investors was informed that Mr. Resendes died and plaintiff thereafter claimed benefits under the Policy; except as so alleged, denies the remaining allegations of those paragraphs.

13. Answering the allegations of paragraph 15, alleges that plaintiff has alleged damages sufficient to confer the jurisdiction of this Court, but is not in fact entitled to recover damages from the named defendants; except as so alleged, denies the remaining allegations of that paragraph.

14. Repeats and realleges its responses to paragraphs: 1-15 in response to paragraph 16; 1-96 in response to paragraphs 22, 32, 46, 52, 56 and 76; 1-61 in response to paragraph 62; 1-66 in response to paragraph 67; 1-70 in response to paragraph 71; 1-82 in response to paragraph 83; 1-87 in response to paragraph 88; and 1-91 in response to paragraph 92.

15. Denies the allegations of the first sentence of paragraph 18. Answering the allegations of the second sentence of paragraph 18, alleges that plaintiff has demanded payment of benefits under the Policy; except as so alleged, denies the remaining allegations of that sentence.

16. Answering the allegations of paragraphs 19 and 20, alleges that plaintiff has submitted a claim for benefits under the Policy; except as so alleged, denies the remaining allegations of those paragraphs.

17. Denies paragraphs 21, 25-30, 33, 39-45, 47-51, 53-55, 58, 60-61, 63, 65-66, 68-70, 73-75, 78, 80-82, 86-87, 89-91 and 94-96.

18. The first sentence of paragraph 24 states conclusions of law for which no response is required; to the extent the Court may otherwise construe that sentence, it is denied. The second sentence of that paragraph is denied.

19. Answering the allegations of paragraph 31, alleges that plaintiff purports to seek "exemplary" damages; except as so alleged, denies the remaining allegations of that paragraph.

20. Answering the allegations of paragraphs 34-37 alleges that Life Investors sent plaintiff a letter dated July 14, 2004, the terms of which speak for themselves and require no further comment or characterization by Life Investors; except as so alleged, denies the remaining allegations of those paragraphs.

21. Answering the allegations of paragraph 38, alleges that Life Investor's July 14, 2004 letter mistakenly identified question 5a of the Policy application as having been answered "no", when that question had been answered "yes;" except as so alleged, denies the remaining allegations of that paragraph.

22. Answering the allegations of paragraph 57, alleges that: Life Investors issued the Policy dated December 16, 2003; the document appended to the complaint as Exhibit A does not appear to be a complete copy of the Policy; and the terms of the Policy speak for themselves and require no further comment or characterization by Life Investors. Except as so alleged, denies the remaining allegations of that paragraph.

23. Answering the allegations of paragraphs 64 and 85, alleges that Life Investors received a premium payment (in an amount less than the minimum due) under the Policy; except as so alleged, denies the remaining allegations of those paragraphs.

24. Answering the allegations of paragraphs 72 and 93, alleges that defendants are engaged generally in the business of insurance in the State of Rhode Island and that the Policy was issued by Life Investors; except as so alleged, denies the remaining allegations of those paragraphs.

25. Answering the allegations of paragraph 77, alleges that: defendants received a premium payment in an amount less than the minimum due; Life Investors issued the Policy; the document appended to the complaint as Exhibit A does not appear to be a complete copy of the Policy; the terms of the Policy speak for themselves and do not require further comment or characterization by Life Investors; and the Policy was issued prior to the death of Wayne Resendes. Except as so alleged, denies the remaining allegations of that paragraph.

26. Answering the allegations of paragraph 79, alleges that Life Investors was notified of the death of Wayne Resendes; except as so alleged, denies the remaining allegations of that paragraph.

27. Answering the allegations of paragraph 84, alleges that Wayne Resendes made a premium payment under the Policy in an amount less than the minimum due; except as so alleged, denies the remaining allegations of that paragraph.

<u>SECOND DEFENSE</u>

28. Plaintiff has failed to state a claim upon which relief may be granted.

<u>THIRD DEFENSE</u>

29. Defendant Heiss is not a proper party to the action.

FOURTH DEFENSE

30. Plaintiff and/or Wayne Resendes failed to complete all steps necessary for the formation of a contract of insurance.

FIFTH DEFENSE

31. The Policy, to the extent it was valid at all, is subject to rescission because of material omissions and misrepresentations in the application for insurance.

SIXTH DEFENSE

32. Plaintiff's claims fail for failure of consideration.

SEVENTH DEFENSE

33. Plaintiff's claims are barred because the Policy was properly rescinded.

EIGHTH DEFENSE

34. The comparative negligence of plaintiff and/or her decedent bars or limits plaintiff's recovery.

NINTH DEFENSE

35. Plaintiff's claims are barred or limited by the doctrine of estoppel.

TENTH DEFENSE

36. Plaintiff's recovery is barred or limited by the doctrine of unclean hands.

Defendant reserves its right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its answer to allege said affirmative defenses at such time as they become known.

## COUNTERCLAIMS

## PARTIES

37. Defendant Life Investors is an Iowa Corporation maintaining its principal place of business in Iowa.

38. Defendant Heiss is, on information and belief, a resident of Rhode Island who has been fraudulently joined in this action.

39. Plaintiff is, on information and belief, a resident of Rhode Island.

## JURISDICTION

40. The Court has diversity jurisdiction over plaintiff's claims and defendant's counterclaims pursuant to 28 U.S.C. §1332 because the defendant Heiss had been fraudulently joined. 28 U.S.C. §2201 also vests this Court with jurisdiction to adjudicate Count II of defendant's counterclaims.

## VENUE

41. This judicial district is the proper venue for this matter pursuant to 28 U.S.C. §1391 because the defendant Heiss is, on information and belief, a resident of Rhode Island and a substantial part of the events or omissions giving rise to the claims alleged in this action occurred within this judicial district.

## FACTS

42. Plaintiff's decedent, Wayne Resendes, on December 8, 2003 signed and submitted an application for insurance to John Heiss, an agent of Life Investors.

43. In his application Mr. Resendes indicated that he had not used any tobacco in the previous twelve months.

44. According to medical records submitted to Life Investors, Mr. Resendes did smoke tobacco in the twelve months preceding his application.

45. In response to question no. 5(a) on the application -- concerning diagnosed or treated diseases or disorders -- Mr. Resendes identified that he had been treated for blood pressure.

46. Mr. Resendes did not disclose, in response to question 5(a), that he had received treatment for depression.

47. In response to question 5(c) on the application -- concerning taking medications for conditions not otherwise identified -- Mr. Resendes responded "no."

48. Mr. Resendes did not disclose in response to question 5(c), that he had taken medications for depression.

49. In response to question 6(a) of the application -- concerning whether within the past five years he had or had been advised to have a check-up, consultation, lab test, EKG, x-ray or other diagnostic test -- Mr. Resendes responded "no."

50. Mr. Resendes did not disclose, in response to paragraph 6(a), that he had been referred for laboratory tests and psychiatric consultation.

51. In reliance on the statements in his application, Life Investors issued the Policy on December 16, 2003 and transmitted the same to Life Investors' agent, John Heiss.

52. The first premium due under the policy was in the minimum amount of $74.64. Defendant Heiss on information and belief, collected one premium payment under the Policy in the amount of $74.06.

53. Wayne Resendes died on December 25, 2003.

54. At the time of Mr. Resendes' death, the Policy had not been manually delivered to him.

55. The Application signed by Mr. Resendes provides, in part:

> It is agreed that: ...(d) no insurance or annuity shall be considered in force unless and until a policy shall have been issued by the Company and said policy manually received and accepted by the applicant and the full first premium paid thereon, all during the lifetime and before any change in the insurability of any person proposed for insurance from that stated herein.

56. Life Investors would not have issued the Policy in the form it did if the application had been completed fully and truthfully.

COUNT I
RESCISSION

57. Life Investors incorporates the allegations of counterclaim paragraphs 37 - 56 as if set forth fully herein.

58. Mr. Resendes was required to provide truthful and accurate responses to questions asked of him on the application he submitted for life insurance coverage.

59. Life Investors reasonably relied upon the truthfulness and accuracy of the information that Mr. Resendes provided on his application for coverage.

60. Mr. Resendes misrepresented information, or neglected to provide complete information, on his application for coverage.

61. Based upon the information Mr. Resendes provided in his application, Life Investors did not know the true facts concerning Mr. Resendes's history and medical condition when it issued coverage.

62. If Life Investors had known the true facts about Mr. Resendes's history when he applied for coverage, then Life Investors would not have issued coverage as it did.

63. Life Investors has been harmed and damaged by Mr. Resendes's material misrepresentations and omissions.

64. Life Investors gave notice to plaintiff of its election to rescind coverage on September 17, 2004.

65. Life Investors has tendered to plaintiff all sums paid as premiums for coverage.

66. The Policy is now voidable, unenforceable and subject to rescission at the election of Life Investors.

## COUNT II
## DECLARATORY JUDGMENT

67. Life Investors incorporates the allegations of counterclaim paragraphs 37 - 66 as if set forth fully herein.

68. Wayne Resendes failed to tender the minimum premium required for coverage.

69. Wayne Resendes failed to take manual delivery of the Policy within his lifetime.

70. Mr. Resendes failed to satisfy all conditions precedent to the formation of a contact of life insurance.

71. There exists an actual controversy between the parties concerning their respective rights and obligations under the Policy.

72. For the above reasons, the Policy must be declared void ab initio and the defendant relieved of any duty or obligation to pay a death benefit.

WHEREFORE, defendant Life Investors demands judgment dismissing the complaint and granting the relief requested in Life Investors' counterclaims plus an award of attorneys' fees, costs and such further relief as the Court may deem appropriate.

Brooks R. Magratten #3585
VETTER & WHITE
Attorneys for Defendant Life Investors Insurance Company of America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: April 6, 2005

CERTIFICATE OF SERVICE

To:

Wayne G. Resmini, Esq.
Resmini Law Associates
207 Waterman Street
Providence, RI 02906

James T. McCormick, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

I hereby certify that I served on the above-named counsel of record a copy of the within Answer Of The Life Investors Insurance Company Of America And Counterclaim by mailing first-class mail, postage prepaid on the 7th day of April, 2005.

/Melanie Gosetti