UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BEVERLY RESENDES, Plaintiff | ) | |
| v. | ) | C.A. No. 05-126/T |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA., et al., Defendants | ) | |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND**

Defendant Life Investors Insurance Company of America ("Life Investors") moves pursuant to Local Rule 12(a)(2) for an extension to May 20, 2005 in which to file its objection and supporting memorandum of law in response to plaintiff's motion to remand.

Life Investors submits herewith a supporting memorandum of law.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Defendant
Life Investors Insurance Company of America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: May 5, 2005

7

CERTIFICATE OF SERVICE

To:

Wayne G. Resmini, Esq. No. 6373
RESMINI LAW ASSOCIATES
Attorneys for plaintiffs
207 Waterman Street
Providence, RI 02903

James T. McCormick, Esq., No. 2614
McKENNA & McCORMICK
Attorneys for Defendant
John E. Heiss
128 Dorrance St., Suite 330
Providence, RI 02903-2814

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion to Remand by mailing first class mail, postage prepaid, on the 5th day of May 2005.

Melaine Goetti

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BEVERLY RESENDES, Plaintiff | ) | |
| v. | ) | C.A. No. 05-126/T |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA., et al., Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND**

Defendant Life Investors Insurance Company of America ("Life Investors") moves pursuant to Local Rule 12(a)(2) for an extension to May 20, 2005 file its objection and supporting memorandum of law in response to plaintiff Beverly Resendes's[1] motion to remand.

Plaintiff originally brought this action in Rhode Island Superior Court after Life Investors denied her claim for benefits under a Life Investors life insurance policy. Life Investors denied the claim after discovering material misrepresentations in the policy application. Plaintiff named as defendants Life Investors and John Heiss, the insurance agent who sold the policy. Although both plaintiff and defendant Heiss are Rhode Island citizens, Life Investors removed this case to this Court, invoking diversity jurisdiction and the doctrine of fraudulent joinder.

On April 26, 2005 plaintiff moved to remand the case. In support of her motion, plaintiff also submitted a supporting memorandum and affidavit. The affidavit and memorandum raise new theories of liability against defendant Heiss that are not asserted in plaintiff's complaint. Specifically, plaintiff now attempts to establish claims against defendant Heiss based on his alleged conduct in connection with the purchase of the life insurance policy

---

[1] Plaintiff Beverly Resendes brings this action individually and in her capacity as executrix of the estate of her late husband, Wayne M. Resendes. Although plaintiff's submissions to this Court

and based on alleged violations of Rhode Island insurance regulations. See Affidavit of Beverly Resendes, attached as exhibit A to "Plaintiffs' Memorandum in Support of Motion to Remand to State Court" ("Remand Memo") (raising procurement allegations) and Remand Memo, at 6 (alleging violations of state insurance regulations). Neither of these theories of liability appeared in the complaint or the record prior to plaintiff's submission of the motion to remand. Indeed, plaintiff expressly acknowledges that the information contained in the affidavit is "not reflected on the face of the Plaintiffs' complaint…." Remand Memo at 4.

Rule 12(a)(2) authorizes the Court, for "good cause … [to] extend the time to serve and file a response to a motion and supporting memorandum of law, affidavits and other papers or materials." Plaintiff's reliance on two new theories of relief to support her motion to remand constitutes good cause to extend the time for Life Investors to respond to plaintiffs' motion. A motion to remand involves a "summary judgment-like procedure." Burchett v. Cargill, Inc., 48 F.3d 173, 176 (5th Cir. 1995); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 68-69 (D. R.I. 2002) (describing the procedure for analyzing a claim of fraudulent joinder). Therefore, Life Investors seeks additional time to evaluate the propriety of plaintiff's assertion of new claims to justify remand and, further, to properly answer the question of whether there is a "reasonable possibility" that plaintiff could recover from defendant Heiss. Id. at 66. (noting that the critical inquiry to determine fraudulent joinder is whether there is "any reasonable possibility that a state court would rule against the non-diverse defendant?").

---

refer to plaintiffs, Life Investors refers to Mrs. Resendes as a single plaintiff.

For the foregoing reasons, Life Investors respectfully requests an extension to file its objection and memorandum to plaintiff's motion to remand on or before May 20, 2005.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Defendant
Life Investors Insurance Company of America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: May 5, 2005

CERTIFICATE OF SERVICE

To:

Wayne G. Resmini, Esq. No. 6373
RESMINI LAW ASSOCIATES
Attorneys for plaintiffs
207 Waterman Street
Providence, RI 02903

James T. McCormick, Esq., No. 2614
McKENNA & McCORMICK
Attorneys for Defendant
John E. Heiss
128 Dorrance St., Suite 330
Providence, RI 02903-2814

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within memorandum by mailing first class mail, postage prepaid, on the 5th day of May 2005.