**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

C.A. No. CV-05-126-T

Beverly Resendes, Individually and )
Beverly Resendes as Executrix of )
the Estate of Wayne M. Resendes )
a.k.a. Wayne Manuel Resendes, Sr. )
*Plaintiffs,* )
)
Vs. )
)
Life Investors Insurance Company )
of America, Alias, John E. )
Heiss, Alias, Doe & Doe I through )
Doe 50 Inclusive, )
*Defendants.*

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**

**Oral Hearing Requested**

[Fed. R. Civ. P. 12(b)(1)]

Now come the Plaintiffs, by their Attorney and say:

1. As recited in Paragraphs 1, 2, and 4 of the Plaintiffs' original complaint, as well as Paragraphs 38 and 39 of the Answer and Counterclaim of Defendant Life Investors Insurance Company of America [herein after "Life Investors"], the Plaintiff and Defendant Heiss are residents of Rhode Island.

2. In paragraph 40 of the Answer and Counterclaim of Defendant Life Investors alleges that this Court's jurisdiction is based upon diversity, 28 U.S.C. sec. 1332. Life Investors claims that Defendant Heiss has been "fraudulently joined," a claim that the Plaintiffs vehemently dispute and which is the subject matter of the Plaintiffs' Motion to Remand to State Court. Although Life Investors recites 28 U.S.C. sec. 2201 as a basis for jurisdiction, that section only confers jurisdiction on the Court to entertain



9

declaratory judgment actions in cases "of actual controversy within its jurisdiction . . . " 28 U.S.C. sec. 2201(a).

3. Because there is a lack of diversity among the parties, this Court lacks subject matter jurisdiction over the Counterclaim.

The bases for this motion are set forth more fully in an accompanying memorandum.

WHEREFORE, pursuant to Fed. R. Civ. P. 12(b)(1) the Counterclaim must be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,
PLAINTIFFS
By their Attorney:

Wayne G. Resmini (No. 6373)
207 Waterman St.
Providence, RI 02906
Tel. 401-751-6655
Fax 401-751-6282

Request for Oral Hearing: Pursuant to Local Rule 12(b) Plaintiffs' request an oral hearing on this motion. This matter involves the subject matter jurisdiction of this Court and Plaintiffs submit that an oral hearing on the issues presented would be of assistance to the Court in resolving this matter.

**CERTIFICATION**

I hereby certify that the within document was served upon counsel for all parties by mailing a copy, postage prepaid, to the address of their counsel of record as follows:

Atty Brooks R. Magratten
Vetter & White
20 Washington Place
Providence, RI 02903

Atty James T. McCormick
128 Dorrance St. – Suite 300
Providence, RI 02903-2814

Wayne Ssomin

Date: 5/9/05

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

C.A. No. CV-05-126-T

Beverly Resendes, Individually and )
Beverly Resendes as Executrix of )
the Estate of Wayne M. Resendes )
a.k.a. Wayne Manuel Resendes, Sr. )
*Plaintiffs,* )
)
Vs. )
)
Life Investors Insurance Company )
of America, Alias, John E. )
Heiss, Alias, Doe & Doe I through )
Doe 50 Inclusive, )
*Defendants.*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs have filed a motion to dismiss the counterclaim of Defendant Life Investors Insurance Company of America (hereinafter "Life Investors") because this Court lacks subject matter jurisdiction.

Paragraphs 1, 2, and 4 of the Plaintiffs' original complaint, as well as Paragraphs 38 and 39 of the Answer and Counterclaim of Defendant Life Investors, demonstrate that the Plaintiffs and Defendant Heiss are residents of Rhode Island. Life Investors claims in paragraph 40 of the Answer and Counterclaim that this Court's jurisdiction is based upon diversity, 28 U.S.C. sec. 1332. Life Investors asserts that Defendant Heiss has been "fraudulently joined." This assertion lacks merit, as demonstrated by the Plaintiffs' Motion to Remand to State Court. Although Life Investors recites 28 U.S.C. sec. 2201 as a basis for jurisdiction, that section does not cure the lack of diversity, for the statute specifically empowers a federal court to entertain declaratory judgment actions in cases

"of actual controversy within its jurisdiction . . . " 28 U.S.C. sec. 2201(a) (emphasis added).

At least since Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806), the lack of complete diversity between all plaintiffs and all defendants has been fatal to a federal court's diversity jurisdiction. Gabriel v. Preble, 396 F.3d 10 (1st Cir. 2005). As demonstrated in the Plaintiffs' Complaint – as well as in Life Investors' Counterclaim – the Plaintiffs and Defendant Heiss are residents of Rhode Island. Because there is a lack of diversity among the parties, this Court lacks subject matter jurisdiction over the Counterclaim. Potter v. Bennett, 826 F. Supp. 62 (D.R.I. 1993). There being no other basis for the exercise of federal jurisdiction, the Counterclaim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

For the foregoing reasons, and for such additional reasons as may appear at the Oral Hearing requested pursuant to L.R. 12(b), the Counterclaim of Life Investors must be dismissed.

Respectfully submitted,
PLAINTIFFS
By their Attorney:

Wayne G. Resmini (No. 6373)
207 Waterman St.
Providence, RI 02906
Tel. 401-751-6655
Fax 401-751-6282

**CERTIFICATION**

I hereby certify that the within document was served upon counsel for all parties by mailing a copy, postage prepaid, to the address of their counsel of record as follows:

Atty Brooks R. Magratten
Vetter & White
20 Washington Place
Providence, RI 02903

Atty James T. McCormick
128 Dorrance St. – Suite 300
Providence, RI 02903-2814

Date: 5/9/05 Wayne G. Pomer