UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BEVERLY RESENDES, Plaintiff | ) | |
| v. | ) | C.A.. No. 05-0126/T |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, et al., Defendants | ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Life Investors Insurance Company of America ("Life Investors") and John Heiss object to plaintiff's motion to remand. Defendants file herewith a supporting memorandum of law.

James T. McCormick (M.D.)
James T. McCormick, Esq., #2614
McKENNA & McCORMICK
Attorneys for Defendant
John E. Heiss
128 Dorrance St., Suite 330
Providence, RI 02903-2814

Michael J. Daly
Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
Life Investors Insurance Company of America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: May 20, 2005



11

## CERTIFICATE OF SERVICE

TO:

Wayne G. Resmini, Esq. No. 6373
RESMINI LAW ASSOCIATES
Attorneys for plaintiffs
207 Waterman Street
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendants' Objection To Plaintiff's Motion To Remand by mailing first class mail, postage prepaid, on the 20th day of May 2005.

Melaine Gosetto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BEVERLY RESENDES, Plaintiff | ) | |
| v. | ) | C.A.. No. 05-0126/T |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, et al., Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Life Investors Insurance Company of America ("Life Investors") and John Heiss submit this memorandum in support of their objection to plaintiff Beverly Resendes's[1] motion to remand.

## I
## FACTS AND TRAVEL

On December 8, 2003 plaintiff's late husband, Wayne Resendes, applied for a life insurance policy from Life Investors. Defendant John Heiss, an insurance agent, solicited the application and forwarded it to Life Investors. Based on that application, Life Investors issued life insurance policy number 012931668. See Policy attached to complaint. Mr. Resendes died of heart disease nine days later, on December 25, 2003. Plaintiff made a claim on the policy.

Because Mr. Resendes died within the two-year contestable period, Life Investors conducted a routine investigation of the information in the application. Life Investors learned that Mr. Resendes concealed that he smoked cigarettes in the twelve months preceding his application and that he had been treated for depression. Life Investors deemed Mr. Resendes's concealment of his cigarette smoking a material misrepresentation, denied plaintiff's claim for

[1] Plaintiff Beverly Resendes brings this action individually and in her capacity as executrix of the estate of her late husband, Wayne M. Resendes. Although plaintiff's submissions to this Court

insurance proceeds, tendered a full refund of premiums and notified plaintiff that the policy was rescinded. Plaintiff nowhere alleges that Heiss specifically participated in Life Investors' investigation or decision to deny her claim. Heiss in fact took no part in Life Investors' investigation or claim decision.

Plaintiff thereafter filed suit in Rhode Island Superior Court against Life Investors and Heiss, seeking benefits and damages in excess of $93,000. Plaintiff alleges that she is a Rhode Island citizen. See Complaint at ¶¶ 1 & 2. Heiss also is a Rhode Island citizen. Life Investors is an Iowa corporation with its principal place of business in Iowa. Plaintiff complains principally of Life Investors' denial of benefits under the policy.

Defendants removed the case on March 25, 2005, invoking diversity jurisdiction. Defendants specified that Heiss is a fraudulently joined defendant and, therefore, his citizenship should not be considered for purposes of establishing diversity. See Notice of Removal at ¶ 10.

Plaintiff moved to remand on April 26, 2005. Life Investors objects to plaintiff's motion and submits this memorandum in support of its objection.

## II
## HEISS IS A FRAUDULENTLY JOINED DEFENDANT

An action is generally removable if the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441. Defendants removed this case because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although diversity jurisdiction requires "complete diversity among the parties," American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004), the citizenship of a fraudulently joined defendant is "disregarded in determining diversity of citizenship." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

---

refer to plaintiffs, Life Investors refers to Mrs. Resendes as a single plaintiff.

"Fraudulent joinder" is a term of art. Although fraud is one basis for demonstrating fraudulent joinder, the removing party need not demonstrate that the plaintiff engaged in actual fraud by naming a particular party as a defendant.[2] Fraudulent joinder also occurs when "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 66 (D. R.I. 2002) (quoting Tillman v. Cont'l Plaza Hotels & Resorts, 2000 WL 33250072, at *1 (S. D. Tex. 2000)). Although this test speaks in terms of "no possibility" that the plaintiff could recover, this Court has clarified that the proper inquiry is whether there is "any reasonable possibility that a state court would rule against the non-diverse defendant." Id. (emphasis added) (quoting Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)); accord In re Rezulin Products Liability Litigation, 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001) (noting that the "no possibility" test "cannot be taken literally" because "there always would be a 'possibility,' however remote, ... [that would] permit the plaintiff to prevail."). An example of fraudulent joinder is where a plaintiff names a local insurance agent or broker in an action for breach of an insurance agreement. See, e.g., Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); Jabour v. Life Ins. Co. of North America, 362 F. Supp. 2d 736 (S.D. Miss. 2005).

"The right of removal is generally determined from the record and the status of the pleadings at the time the petition for removal is filed." Palmquist v. Conseco Medical Ins. Co.,

[2] Plaintiff's reliance on Rule 9(b) to attack defendants' notice of removal is misplaced. See Plaintiff's Memorandum in Support of Motion to Remand to State Court, at 4, n.1 (hereinafter "Remand Memo"). First, defendants do not allege that plaintiff engaged in actual fraud. Second, even assuming Rule 9(b) applies to notices of removal, which is a dubious proposition, the notice clearly articulates the basis for claiming fraudulent joinder. See Notice of Removal at ¶ 9. Finally, plaintiff moved to remand more than thirty days after removal and, consequently, may cite only jurisdictional defects as a basis for remand. See 28 U.S.C. § 1447(c) ("A motion to remand ... [based on] any defect other than lack of subject matter jurisdiction must be made

128 F. Supp. 2d 618, 621 (D. S.D. 2000) (quoting Farm Bureau Mutual Insurance Co., Inc. v. Eighmy, 849 F. Supp. 40, 42 (D. Kan. 1994)). The parties may submit "summary judgment-type evidence," including affidavits and deposition testimony to support their respective positions on a fraudulent joinder dispute. Griggs, 181 F.3d at 700. Such evidence, however, may be used only to "clarify or amplify the claims actually alleged in the" complaint. Id. "Post-removal filings may not be considered ... when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." Id. (emphasis added).

Plaintiff's complaint is the starting and ending point for determining whether there is a "reasonable possibility" that Heiss could be liable under Rhode Island law. Unfortunately plaintiff's complaint transforms the task of identifying the legal claims asserted into a daunting chore. The twenty-seven page, thirteen count complaint most charitably can be described as confusing. To the extent that any specific claim can be distilled from the complaint, it appears that plaintiff asserts: 1) three counts for breach of contract (counts I, VII and XI); 2) five counts for breach of a duty of good faith and fair dealings (counts II, VI, VIII, X and XII); 3) one count for misrepresentation (count III); 4) one count for intentional infliction of emotional distress (count IV); 5) one count for negligent infliction of emotional distress (count V) and 6) two counts for violations of the Rhode Island Unfair Claims Settlement Practices Act (counts IX and XIII). Plaintiff makes no attempt to differentiate between the actions of Heiss and Life Investors. All of the counts are directed at defendants collectively and plaintiff seeks recovery from Life Investors "and/or" Heiss for all the counts.

To fortify her motion to remand, plaintiff appears to raise two new claims in her supporting memorandum (Remand Memo) and accompanying affidavit.[3] First, in her affidavit,

---

within 30 days after the filing of the notice of removal....").

[3] Also for the first time in her Remand Memo, plaintiff appears to claim that Heiss should be

plaintiff claims for the first time that Heiss completed the medical history portion of the application for Mr. Resendes and that neither she, nor Mr. Resendes, ever saw the answers that Heiss supposedly supplied. Affidavit of Beverly Resendes at ¶¶ 4 & 5 (hereinafter "Resendes Aff."). Plaintiff recognizes that she is making this allegation for the first time in her post-removal affidavit. Indeed, she specifically acknowledges that this allegation is "not reflected on the face of [her] complaint." See Remand Memo at 4. Plaintiff further alleges in her memorandum that she "expect[s] to present evidence that [defendant] Heiss specifically advised Mr. Resendes not to give complete and detailed information in the completion of the application for coverage." Id. Again, the complaint contained no hint of such an allegation at the time of removal. Therefore, these new allegations in plaintiff's remand motion and affidavit do not "clarify or amplify the claims actually alleged in the" complaint. Griggs, 181 F.3d at 700. Rather, this is a transparent attempt to "present new causes of action or theories not raised" in her complaint. These allegations should be disregarded for purposes of evaluating defendants' claim of fraudulent joinder.

Soliciting insurance agents may be liable in rare instances where there is a dispute over the procurement or maintenance of insurance:

> Insurance agents and brokers have been held liable to insureds or applicants for insurance on a number of theories including breach of contract and professional negligence. Some of the cases arise in the context of an agent who fails to obtain insurance for a client as promised. In other cases, the agent obtains insurance but fails

---

legally liable for failure to comply with Rhode Island insurance regulations requiring agents to disclose the identity of the insurance company they are representing and requiring "insurer[s]" to provide a prospective purchasers with a "buyer's guide." See Remand Memo at 5. Although her memorandum stops short of actually claiming that Heiss failed to comply with these requirements, she cites them as a source of duties that "modif[y] the ordinary concepts of principal and agent in the insurance context." Id. To the extent that plaintiff attempts to base a cause of action against Heiss on either of these regulations, such a claim clearly is beyond the scope of the complaint, which contains no reference to insurance regulations.

> to obtain certain requested coverage or obtains the requested coverage in the wrong amount. In any of these situations, contractual liability of the agent can be at least theoretically premised on the agent's breach of an oral agreement to obtain insurance as requested by the client.

Saunders v. Cariss, 274 Cal. Rptr. 186, 188-89 (Cal. App. 1990) (internal citation and footnote omitted); accord Whatley v. National Fire and Marine Ins. Co., 1998 WL 378378, *2 (N.D. Miss. 1998). Plaintiff makes no allegation that Heiss improperly obtained, or failed to obtain, insurance coverage. All of plaintiff's counts focus on the denial of benefits under the policy.

Plaintiff attempts to raise yet another new legal argument when she questions whether Heiss may have been acting as a dual agent. See Remand Memo at 5. In raising the dual agency issue, plaintiff cites General Accident Ins. Co. v. American National Fireproofing, 716 A.2d 751, 756-57 (R.I. 1998), which held that a dual agent could be liable to an insured for failure to procure requested coverage. In the absence of a dual agency, however, "an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority." Cardente v. Maggiacomo Ins. Agency, Inc., 272 A.2d 155, 156 (R.I. 1971). The later rule insulates an agent from personal liability even if he negligently carries out duties that he was authorized to perform. Id. Because plaintiff's complaint contains no allegation of a dual agency, and her claims do not relate to the procurement of insurance, her eleventh hour reliance on General Accident Insurance and the theory of dual agency should be disregarded.

None of the theoretical claims that might lie against Heiss, as discussed in Saunders or General Accident Ins. appear in the complaint. It is therefore apparent that there is no reasonable likelihood that Heiss will be found liable under plaintiff's complaint.

## A. HEISS CANNOT BE LIABLE FOR BREACH OF CONTRACT BECAUSE HE WAS AN AGENT FOR A DISCLOSED PRINCIPAL

Heiss's role in the relationship between Mr. Resendes and Life Investors was that of an agent for a disclosed principal - Life Investors. Assuming Life Investors did breach a contract with plaintiff, which it denies, an agent for a disclosed principal cannot be liable for a disclosed principal's breach of a contract to which the agent is not a party. Pacheco v. Massachusetts Cas. Ins. Co., 610 A.2d 111, 113 (R.I. 1992).

Plaintiff's reliance on Pacheco is misplaced. In Pacheco, an insured brought suit against a disability insurer and the agent who sold the policy after the insurer stopped paying benefits. The plaintiff claimed that when he purchased the disability policy, the agent incorrectly represented that the policy would provide benefits for life. Although recognizing that the agent was acting for a disclosed principal, the court held that the agent was not entitled to summary judgment because there was a question of fact as to whether he made statements regarding the duration of coverage. It was possible, the court opined, that the agent assumed contractual obligations beyond those specified in the discrete insurance policy. Id.

This case is easily distinguished from Pacheco. Plaintiff nowhere alleges that Heiss made any representations that created contractual obligations other than those specified in the policy. Plaintiff has not alleged the existence of any agreement by Heiss to be bound personally. To the contrary, plaintiff expressly alleges that "each of [the] defendants was acting within the course and scope of said agency, service, employment, partnership or joint venture." Complaint at ¶ 7. There is no allegation that Heiss ventured beyond his actual or apparent authority.

The only agreement addressed in the complaint is the Life Investors life insurance policy attached thereto as Exhibit A. The policy specifically indicates that it "is a legal contract

between the policy owner and the company." See Policy at 3. Because Heiss merely acted as an agent for Life Investors, whose identity was disclosed to Mr. Resendes, Heiss cannot be liable for any alleged breach of the insurance contract. See e.g., Pacheco, 610 A.2d at 113; Cardente v. Maggiacomo Ins. Agency, Inc., 272 A.2d 155, 156 (R.I. 1971).

**B. HEISS CANNOT BE LIABLE FOR BREACH OF A DUTY OF GOOD FAITH AND FAIR DEALINGS BECAUSE HE IS NEITHER AN INSURER, NOR A PARTY TO THE INSURANCE CONTRACT**

Plaintiff cannot maintain a bad faith claim against Heiss. Although not explicitly cited in her complaint, plaintiff appears to assert a claims pursuant R.I. Gen. Laws § 9-1-33, which provides a cause of action against an insurer who wrongfully and in bad faith refuses to settle or pay a claim. See counts II, VI, VIII, X and XII. The Rhode Island Supreme Court, however, has specifically held that "§ 9-1-33 applies only to insurers...." LeFranc v. Amica Mut. Ins. Co., 594 A.2d 382, 385 (R.I. 1991). Moreover, "[b]efore a bad-faith claim can even be considered, a plaintiff must prove that the insurer breached its obligation under the insurance contract." Robinson v. Mayo, 849 A.2d 351, 356 n.6 (R.I. 2004), (quoting Lamoureaux v. Merrimack Mutual Fire Insurance Co., 751 A.2d 1290, 1293 (R.I. 2000)). Therefore, because Heiss was an agent rather than an insurer and was not a party to the insurance contract, § 9-1-33 is not a potential source of liability for Heiss.

To the extent plaintiff asserts a common law bad faith claim, such a claim would be equally meritless. "To succeed on a common law bad-faith claim in Rhode Island, a plaintiff must demonstrate the absence of a reasonable basis for denying the policy benefits and that defendant had knowledge or recklessly disregarded the lack of a reasonable basis for denying the claim." Zarrella v. Minnesota Mut. Life Ins. Co., 824 A.2d 1249, 1261 (R.I. 2003). Heiss did not deny plaintiff's claim. Life Investors did. Plaintiff and her attorney were in regular contact with Life Investors while her claim was under review. Life Investors - not Heiss - sent plaintiff's

attorney a letter officially denying her claim. Heiss's name does not appear on the denial letter. He had no involvement in the decision to deny benefits. Therefore, Heiss did not deny benefits and plaintiff cannot maintain a common law bad faith claim against him. Further, because he was not a party to the insurance contract, Heiss had "no implied duty of good-faith and fair-dealing with regard to the performance of the contract and thus, cannot be liable under a bad-faith theory of recovery." See Jabour v. Life Ins. Co. of North America, 362 F. Supp. 2d 736, 741 (S.D. Miss. 2005).

## C. PLAINTIFF'S REMAINING CLAIMS DO NOT SPECIFY ANY CONDUCT ATTRIBUTABLE TO HEISS

Plaintiff's complaint fails to demonstrate a reasonable probability that she will prevail against Heiss on her remaining claims for negligent and intentional infliction of emotional distress, misrepresentation or alleged violations of the Rhode Island Unfair Claims Settlement Practices Act. Plaintiff makes no allegation specific to Heiss to support any of these claims.[4] Rather, all of the claims are directed at defendants collectively. By "lump[ing]" accusations of wrongdoing against Heiss and Life Investors collectively and without identifying any actionable conduct attributable to Heiss particularly, plaintiff has failed to specify how Heiss may have caused her any harm. See In re Rezulin Products Liability Litigation, 133 F. Supp. 2d 272, 291 (S.D.N.Y. 2001) (finding fraudulent joinder in part because the complaint "lump[ed]" allegations of wrongdoing against multiple defendants without specifying how a particular defendant harmed plaintiffs). Moreover, Heiss cannot be liable to plaintiff because he is an agent for a disclosed principal and, at all times relevant, he acted within the scope of his authority. See Complaint at ¶7; Cardente, 272 A.2d at 156.

---

[4] The only allegations arguably pertaining solely to Heiss appear in ¶¶ 77-80, 85-87, & 89-91, and are provided to support her contract and bad faith claims. As discussed above, these claims have no chance of success against Heiss.

The mere fact that plaintiff alleges a claim against Heiss is not sufficient to prevent removal. Although the fraudulent joinder analysis supposes that factual disputes will be resolved in favor of the non-removing party, that rule arises "'*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts.' A court should not, 'in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts' to support [her] claims against the non-diverse defendant." Banger ex rel. Freeman v. Magnolia Nursing Home, L.P., 234 F. Supp. 2d 633, 637 (S.D. Miss. 2002), (quoting Badon v. RJR Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000)). Plaintiff has offered no allegations specific to Heiss to substantiate her tort or statutory claims against him. "[C]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." Id.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court deem Heiss a fraudulently joined defendant and retain jurisdiction over this case.

James T. McCormick M.D.

James T. McCormick, Esq., #2614
McKENNA & McCORMICK
Attorneys for Defendant
John E. Heiss
128 Dorrance St., Suite 330
Providence, RI 02903-2814

Michael J. Daly

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
Life Investors Insurance Company of America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: May 20, 2005

CERTIFICATE OF SERVICE

TO:

Wayne G. Resmini, Esq. No. 6373
RESMINI LAW ASSOCIATES
Attorneys for plaintiffs
207 Waterman Street
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Memorandum In Support Of Defendants' Objection To Plaintiff's Motion To Remand by mailing first class mail, postage prepaid, on the 20th day of May 2005.

Melaine Gaetti